## DETSCH & CO. v. AMERICAN PRODUCTS CO.

### No. 10479.

Circuit Court of Appeals, Ninth Circuit.

March 20, 1944.

Harry N. Grover and Herbert Pothier, both of San Francisco, Cal., for appellant.

Theodore R. Meyer, M. B. Plant, and Brobeck, Phleger & Harrison, all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a California corporation, brought an action in a State court of California against appellee, an Ohio corporation, for damages in the sum of $42,168. On petition of appellee, the action was removed to the District Court of the United States for the Northern District of California. There appellant amended its complaint. Appellee answered, praying that the amended complaint be dismissed, and that appellee have judgment against appellant for damages in the sum of $50,000.

Thereafter, on March 26, 1943, appellant gave appellee notice in writing that it would take the depositions of two wit-

nesses, J. W. Sheedy and H. W. Zimmerman, residents of Los Angeles California, upon oral examination at room 477 of the I. W. Hellman Building in Los Angeles at eleven o'clock A.M. on April 3, 1943.[1] Appellee, by its attorney, M. B. Plant, attended pursuant to the notice, at the time and place specified, but appellant did not attend at that time, by attorney or otherwise. It did at a later time—one o'clock P.M. on April 3, 1943—attend by its attorney, Herbert Pothier, and did then proceed with the taking of Zimmerman's deposition, but it did not then or at any time proceed with the taking of Sheedy's deposition. Instead, it excused Sheedy from attending, and Sheedy consequently did not attend. Appellee, however, was not advised, and did not learn until one o'clock P.M. on April 3, 1943, that Sheedy's deposition would not be taken.

On April 7, 1943, appellee moved the court for an order requiring appellant to pay appellee the amount of the reasonable expenses incurred by appellee and Plant in attending at the time and place specified in the notice. The motion was supported by Plant's affidavit. The court heard the motion and on April 14, 1943, entered an order granting the motion and requiring appellant to pay appellee, as reasonable expenses, $151.30.[2] From that order this appeal is prosecuted.

The motion and the order were based on Rule 30(g) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney's fees."

■■ In this case, the party giving the notice was appellant; the other party was appellee; the notice given was a notice of the taking of two depositions (Sheedy's and Zimmerman's); appellee attended by attorney pursuant to the notice; appellant failed to attend at the time specified in the notice; and when it did attend, later in the day, it failed to proceed with the taking of Sheedy's deposition.

Appellant, however, points out that, although it did not take Sheedy's deposition, it did take Zimmerman's. It therefore contends that it should not be required to pay the expenses incurred by appellee and Plant or any part thereof. The contention assumes that the same expenses would have been incurred had there been no notice of taking Sheedy's deposition. The assumption is unwarranted. Plant's affidavit stated—and there was no denial—that he went to Los Angeles[3] for the purpose of attending the taking of both depositions, and that if he had known that Sheedy's deposition would not be taken, he would not have made the trip, but would have had a Los Angeles attorney attend on behalf of appellee.

If Plant had not made the trip to Los Angeles, his traveling expenses, amounting to $51.30, would not have been incurred. The expense of employing a Los Angeles attorney to attend the taking of Zimmerman's deposition would have been incurred, but such attendance would have required no travel and would have consumed less than half a day, whereas Plant's trip consumed part of one day, all of the next day and part of a third day. The court below could properly conclude, as apparently it did, that a reasonable fee for Plant exceeded by at least $100[4] what would have been a reasonable fee for a Los Angeles attorney attending the taking of Zimmerman's deposition.

■ The statement in appellant's brief that "The record fails to disclose that [appellee] incurred any attorney fees in connection with this trip" is incorrect. Plant's affidavit stated that $200 was a reasonable fee for his services in this connection. The court, moreover, was fully advised regarding Plant's services and could determine for itself the reasonable value thereof. In the absence of any showing to the contrary, it must be presumed that appellee paid or was obligated to pay such reasonable value. Whether such payment was actually made is immaterial, for Rule 30 (g) (1) relates to expenses incurred, whether paid or unpaid.

Order affirmed.

---

[1] See Rules 26(a) and 30(a) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c.

[2] Including an attorney's fee of $100.

[3] From San Francisco, California.

[4] See footnote 2.