KNAPP v. GAGE et al.

No. 33553. Dec. 26, 1950.

*226 P. 2d 927.*

Halley, Douglass & Felix, Oklahoma City, and Spillers & Spillers, Tulsa, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, for defendants in error.

ARNOLD, V. C. J. This proceeding was begun in the district court by the filing of an instrument designated "Motion to Tax Costs" by Ottinger Brothers, hereinafter referred to as plaintiff, setting up certain items of expense allegedly incurred in attending the taking of depositions according to notice in Portland, Oregon. The items alleged to be reasonable, necessary, and incurred in such manner are by affidavit of counsel for plaintiff shown to be:

Transportation and expense
from Oklahoma City to
Portland and return          $249.72

Telegrams and telephone
calls                           30.24

Attorney's fee, local
counsel                         50.00

Attorneys' fee, principal
counsel                        250.00

Margery Knapp, administratrix of the estate of Lloyd Knapp, deceased, who will hereinafter be referred to as defendant, answered admitting service of notice to take depositions at the time and place alleged; that said depositions were not taken, and pleaded estoppel and setoff.

In consideration of 12 O.S. 1941 §439, as amended by Session Laws 1945, page 38, section 1, and the evidence introduced by both parties, the trial court entered judgment for $549.72, same being $249.72 expenses of transportation incurred by plaintiffs' attorney, expense of attorney's fee to local counsel at Portland, Oregon, $50, and attorneys' fee to principal counsel, $250. Motion for new trial was filed and overruled, provoking this appeal.

In substantial conformity to the allegations made by defendant in her answer, her counsel testified that counsel for plaintiff, in a conversation about a convenient date for the taking of contemplated depositions in the State of Oregon, said that no member of his firm would appear but they would use local counsel; that local counsel did appear for the plaintiffs at Coos Bay on September 2nd, and the depositions there were taken; that he did not notify principal counsel for plaintiffs that depositions would not be taken in Portland because of his reliance on counsel for plaintiffs' statement that local counsel would be used; that he did not know who local counsel for plaintiffs was in Portland; that he wired the lawyer in whose office the depositions were to be taken that they would not be taken.

Counsel for plaintiffs stoutly denied in his testimony making the alleged representations to counsel for defendant. The trial judge remarking that he did not think this controversy was material to the issues in the lawsuit failed to determine the question of estoppel.

One of the essential elements of estoppel is lacking in the conversation between counsel for plaintiffs and counsel for defendant. It is clear that the conversation was concerning the fixing of a date for the taking of depositions contemplated by defendant convenient to counsel. The statement allegedly made by counsel for plaintiffs was in reference to the matter of a convenient date for the taking of the depositions, the notice of which would be given in the future. Counsel for plaintiffs intended that his remarks, assuming they were made, would be relied upon as to the fixing of the date by defendant's counsel on which the depositions would be taken. The statement relied on was obviously not intended to be relied upon for any other pur-

pose. Counsel for defendant was not justified in relying on the statement as an assurance that no member of the firm of counsel for plaintiffs would appear at the taking of the depositions and incur the usual expenses of such a trip, if, as and when notice to take the depositions was given. The statement, if made, was made only for the purpose of assuring counsel for defendant that the convenience of counsel for plaintiffs was not to be considered in the fixing of the date for taking the contemplated depositions. The assurance intended was that counsel for plaintiff need not consider the convenience of counsel for defendant in fixing the date of the depositions to be taken.

Defendant contends that the trial court erred in refusing to permit a set-off in her favor for costs awarded in the case in Federal Court in the sum of $125.85.

"To authorize a set-off of costs, it is essential that they should have been actually paid; no right to a set-off exists unless payment is shown; . . ." 20 C.J.S. Costs, §431.

There is no evidence showing that defendant had paid the costs which she sought to have set off against plaintiffs' claim.

Attorneys' fees are not recoverable under the terms of the amendment to the act, supra. See Godchaux Sugars, Inc., v. Pepsi-Cola Bottling Co., 203 Okla. 693, 226 P. 2d 413.

Judgment should have been entered for the travel expenses only in the sum of $249.72.

Judgment affirmed if the excess portion of the judgment is remitted within 10 days after the issuance of mandate; otherwise, new trial should be granted.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. WELCH and O'NEAL, JJ., dissent.

O'NEAL, J. (dissenting). For the reasons stated in my dissenting opinion in Godchaux Sugars, Inc., a Corporation, v. Pepsi-Cola Bottling Co., of Muskogee, a corporation, 203 Okla. 693, 226 P. 2d 413, I dissent to the majority opinion herein insofar as it holds that attorney's fees are not recoverable under the terms of the amendment to the act involved.

I am authorized to say that Mr. Justice WELCH concurs in this dissent.