GODCHAUX SUGARS, Inc., v.
PEPSI-COLA BOTTLING CO.

No. 33895.     Dec. 26, 1950.

*226 P. 2d 413.*

Chas. G. Watts, of Wagoner, and Forrester Brewster, of Muskogee, for plaintiff in error.

Banker & Bonds, of Muskogee, for defendant in error.

ARNOLD, V.C.J. Plaintiff sued defendant in the district court of Muskogee county for $1,110.26 alleged to be the balance due on an open merchandise account. The defendant in said suit cross-petitioned for damages for alleged wrongful attachment.

This appeal is from an order of the district court entered on motion in a proceeding ancillary to the main ac-

tion. The material part of this order reads:

"It is therefore ordered that the plaintiff pay to the Court Clerk of Muskogee County, Oklahoma, the sum of $247.30 as expenses of A. Camp Bonds, and as expense of George William Colvert, the sum of $491.36, for their benefit, and charged as costs herein; and said cause be not tried until the payment of said costs."

After the suit was filed, and on March 29, 1948, plaintiff served written notice on defendant for the taking of depositions in Long Island City, New York, on April 9, 1948, at the office of the Pepsi-Cola Company, 47-51 33rd Street, between the hours of 8 a.m. and 4 p.m., and stated in said notice that the taking of said depositions might be adjourned and continued from day to day at the same place and between the same hours until completed. Thereafter, on March 31, 1948, defendant served notice on plaintiff to take depositions on the same date, in the same place and between the same hours. By reason of purported continuance plaintiff's depositions were begun and completed on April 12, 1948, and duly filed in the district court of Muskogee county. Thereafter, on April 27, 1948, defendant filed in said cause his motion for an order directing plaintiff to pay to the court clerk expenses incurred by defendant in attending the taking of said depositions on April 9, 1948, itemizing its expenses as follows:

| | |
|---|---|
| George William Colvert | $241.00 |
| A. Camp Bonds | $246.00 |
| A. Camp Bonds (Attorney's Fees) | $250.00 |

The notice served by plaintiff to take depositions was given under 12 O. S. 1941 §439 as amended by the Legislature in 1945. The original section reads as follows:

"Prior to the taking of any deposition, unless taken under a special commission, a written notice, specifying the action or proceeding, the name of the court or tribunal in which it is to be used, and the time and place of taking the same, shall be served upon the adverse party, his agent or attorney of record, or left at his usual place of business or residence. The notice shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, and one day for preparation, exclusive of Sunday and the day of service; and the examination may, if so stated in the notice, be adjourned from day to day."

The 1945 amendment of this section added thereto the following language:

"Provided, further, that in case a notice to take depositions is served on an opposing party, or his counsel, to be taken in any county or state other than the county where an action is pending, it shall be the duty of the person in whose behalf the notice is given, or his or their attorney, to notify the opposite party, or his or their attorney, that such person, or his or its attorney, does not intend to take said deposition, and such notice shall be given in sufficient time to prevent attendance by opposing party or his or their attorney, at the place stated in said notice. If such notice that such deposition will not be taken is not given as provided for herein, and the party served, or his or their attorney, attend as notified in said notice, and depositions are not taken, then the party so notified shall have the right to file a certified itemized statement of actual and reasonable expenses incurred in attending at such place with the court clerk and the court or the judge where said cause is pending shall not try said cause until said expenses are paid."

At the hearing in support of the motion for the foregoing order of court as to expenses incurred in response to the notice to take depositions, testimony was introduced by both parties designed to show all the circumstances surrounding the failure to take the depositions on the day designated, the postponement thereof and the action of defense counsel. All the facts and circumstances show no bad faith on the part of the plaintiff. On the contrary, its good faith in attempting to postpone the taking of the depositions to the date on which they were taken,

though not taken on an adjourned date according to law, and the fact that it never changed its intention to take them, are unquestioned. However, in view of our interpretation of the provisions and the undisputed facts hereinafter stated, the testimony is otherwise immaterial.

Leaving out immaterial portions of the provision it is provided that:

". . . in case a notice to take depositions is served . . . it shall be the duty of the person in whose behalf the notice is given . . . to notify the opposite party . . . that such person . . . does not intend to take said deposition, and such notice shall be given in sufficient time to prevent attendance by opposing party . . . at the place stated in said notice. If such notice that such deposition will not be taken is not given as provided for herein, and the party served, or his or their attorney, attend as notified in said notice, and depositions are not taken, then the party so notified shall have the right to file a certified itemized statement of *actual and reasonable expenses incurred in attending at such place* with the court clerk, and the court or judge where *said cause* is pending shall not try said cause until said expenses are paid."

Under the issues presented we deem it necessary to determine when the provision is applicable and the character of expenses that may be recovered when the duty imposed is not performed.

The purpose of the Legislature was to prevent the unnecessary expenditure of money necessarily incident to going to and from the place designated in the notice and place responsibility for such expenditure upon the party who gave the notice. By the peculiar wording of the provision it is apparent that the Legislature intended that one who gives notice to take depositions shall be responsible for the necessary expenditure of money in going to and from the place designated in a notice to take depositions by the adverse party when the depositions are not taken as

stated in the notice, that is, according to law. If notice to take depositions is given and no notice of intention not to take them is given to the adverse party in time to prevent his attendance and he *or* his lawyer attend but no deposition is taken as stated in the notice, the party who gave the notice is liable to the adverse party upon compliance with the provision as to filing claim therefor by the adverse party for "actual and reasonable" expenses laid out in attendance.

Though the provision contemplates the attendance of the party notified *or* his attorney, it does not contemplate, under the penalty or financial responsibility imposed, that both will attend. Claim can therefore be made for the expenses of only a party or his attorney.

"Actual expenses" are those only which are incident to travel to and from the place designated in the notice. That is, reasonable expenses common to all persons making such a trip. There would be no attorney fee expense in case a party attended nor would there be any such expense in the case of attendance by a lawyer hired on a contingent or flat fee basis. Certainly if a party attended he could recover only the necessary expenses incident to travel and there is nothing in the provision which indicates that the Legislature intended that the nature of the expenses recoverable should be extended in a case where the party attends through an agency and the inclusion of an attorney's fee when the party's lawyer attends for him would constitute unjustified judicial legislation. The expression contemplates expenses uniformly incident and necessary to travel. It comprehends only such expenses as would be incident to the travel of the person making the trip, whether lawyer or layman. A lawyer making such a trip would have the same actual expenses as a layman. The expression "actual and reasonable expenses incurred in attending at such place," used by the Legislature, does not include attorney fees. Surely if the Legis-

lature intended to include such expenses, like other Legislatures with like intention, it would have said so in some manner. See Detsch & Co. v. American Products Co., 9 Cir., 141 F. 2d 662. The provision is applicable if the depositions are not taken on the date stated in the notice or on an adjourned date according to law.

In this case the depositions were not taken on the date stated in the notice, April 9th, nor on an adjourned date according to law, though they were taken on April 12th without further notice, agreement or legal continuance and quashed for these reasons.

There being no question as to the reasonableness of the actual expenses certified, under the rules and facts stated the plaintiff was entitled to judgment for the actual expenses of Bonds, his attorney, in the amount of $246. The judgment is accordingly affirmed in this respect, but otherwise reversed.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. WELCH and O'NEAL, JJ., dissent.

O'NEAL, J. (dissenting). I am unable to concur in the opinion approved by the majority of the court.

In this action the plaintiff, Godchaux Sugars, Inc., sued the defendant, Pepsi-Cola Bottling Co., of Muskogee, a corporation in the district court of Muskogee county for $1,110.26, alleged to be the balance due on an open merchandise account. The defendant filed an answer denying generally the allegations of plaintiff's petition. Thereafter defendant filed amended answer and cross-petition. The amended answer denied generally the allegations of plaintiff's petition and in the cross-petition defendant seeks damages in the sum of $16,500 for an alleged wrongful attachment. Thus there is $17,610.26 involved under two separate and distinct issues.

I do not agree that under the proviso in 12 O.S. 1941 §439, as amended in 1945, (1) the financial responsibiltiy imposed therein necessarily limits attendance under a notice to take depositions to either the party notified or his attorney; nor do I agree (2) that an attorney's fee is not part of the actual and reasonable expenses incurred in attending for the purpose of taking depositions.

As to the first proposition it may be conceded that in many cases the attendance of both the party notified of the intended taking of a deposition and his attorney is not necessary. On the other hand, it may be highly necessary that the party and his attorney both be present at the taking of depositions, especially where the issues are complicated. Under the statute expenses recoverable must be actual and necessary. At the hearing on a motion to tax the expenses, such as is here involved, it is for the trial judge to determine from the evidence whether the expenses claimed were actually incurred, and whether the same, if actually incurred, are reasonable.

In the instant case, the uncontradicted evidence is that the actual and necessary expenses of George William Colvert, the president and general manager of defendant company, in attending in response to the notice to take depositions, was $241. The reasonableness thereof as to the amount is not questioned. During the hearing, and at the close of all the evidence, counsel for plaintiff, in response to the claim for the expenses of Mr. Colvert, stated:

"How about the expenses of Mr. Colvert? The attorney doesn't have to take his client with him."

whereupon the court stated:

"It would be gross negligence for him not to do so, in my opinion."

With that statement of the trial court I fully agree. Neither defendant nor counsel for defendant had any means of knowing the names of the witnesses whose depositions were to be taken, nor as to which of the two issues their testimony might relate.

I think the word "or" as used in the phrase "and the party served, *or* his or their attorney attend as notified . . ." should be construed as meaning "or" and "and." The context clearly indicates that would be the meaning. It is said that the word "or" is often referred to as an empty term with no inherent meaning, or a mere colorless particle deriving its meaning or course from what comes before and after. 46 C. J. 1124.

While the word "or" in its primary sense expresses a disjunctive meaning and not a conjunctive meaning, it may, subject to certain limitations, be used in a conjunctive sense, and hence may be construed as meaning "and," especially where so doing prevents an absurd or unreasonable result. 46 C. J. 1126. The word "or" is often used in the sense of both "or" and "and." 46 C. J. 1125. I think, from the context, it is clearly intended to mean both "or" and "and" in the statute here involved, and that if either the party served, or his or their attorney, or both the party served and his or their attorney attend, the party who gives the first notice and fails to give the second notice becomes liable to the adverse party upon compliance with the provisions of the statute as to filing claim therefor for the actual and reasonable expenses of both.

With respect to the attorney's fee, I think the trial court properly included that item as a part of the actual and necessary expenses incurred by defendant in attending or attempting to attend the taking of the depositions.

It may be that an attorney's fee cannot properly be allowed in case of the attendance of an attorney employed on a contingent basis, or in case of an attorney employed on a flat fee basis. But we are not here dealing with a case of either of the two kinds. The uncontradicted evidence is that defendant paid its attorney, A. Camp Bonds, the sum of $250 solely for his services rendered in attempting to attend the taking of the depositions. The trial court, under the evidence, held that it "was a special attorney's fee only to appear for the taking of the depositions."

Many cases might be cited where phrases such as "actual expenses"; "all just and reasonable expenses"; "all reasonable expenses incurred," and "costs and expenses" were held to include reasonable attorney's fee without expressly mentioning the same. 25 C. J. 173.

In Curtis & Gartside Co. v. Aetna Life Ins. Co., 58 Okla. 470, 160 P. 465, it is said:

" 'Expense of litigation,' as commonly understood, does not include interest, though interest may accumulate as the result of the litigation. An agreement to pay the 'expense or cost of making a defense' to an action at law, in the common and well understood acceptance of the term, fairly and reasonably contemplates the attorney fees, the court costs, stenographer fees, and other expenditures necessary and directly required to present the defense, and does not include the collateral and indirect results of doing so."

That statement is clearly in line with the many cases which hold that "expenses" and other similar terms include attorney's fees without specific mention thereof.

This is a proceeding under a special statute apparently designed to permit recovery of incidental damages growing out of the wrongful acts or negligence of a party, or his counsel, in the matter of giving notice in connection with the taking of depositions. The statute giving the right to recover actual and reasonable expenses fairly and reasonably contemplates attorney's fees. It is the unquestioned right of a party to have proper notice from the opposite party of intention to take a deposition. He is entitled to be present and to be represented by his attorney for the protection of his rights. It is often essential that a litigant be represented by an attorney in the taking

of a deposition in order that his rights may be protected. Reasonable attorney's fees actually paid or incurred should be allowed under the statute upon a proper showing. I think a proper showing was made in the instant case, and that there was no error in allowing the attorney's fees.

I respectfully dissent.

I am authorized to say that Mr. Justice WELCH concurs in the views herein expressed.