BALDWIN–LIMA–HAMILTON CORPORATION and Edward E. Simmons, Jr.,

v.

TATNALL MEASURING SYSTEMS CO. and The Budd Company.

Civ. A. No. 23505.

United States District Court
E. D. Pennsylvania.

Feb. 14, 1958.

Morgan, Lewis & Bockius, Philadelphia, Pa., Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., for plaintiffs.

Montgomery, McCracken, Walker & Rhoads, Howson & Howson, Philadelphia, Pa., for defendants.

GANEY, District Judge.

The plaintiff here seeks an order under Rule 37(a), Fed.Rules Civ.Proc. 28 U.S.C., to compel Francis G. Tatnall, Vice President, General Manager and

Director of defendant Tatnall Measuring Systems Company and former Manager of Testing Research of plaintiff Baldwin-Lima-Hamilton Corporation to answer two questions posed to him during pretrial examination.

The witness, a former employee of Baldwin, was commanded by subpoena to produce "All books, drawings, correspondence, memoranda and other papers and documents * * * which are the property of plaintiffs or either of them or which were at any time prepared, stored or received by you under your supervision at plaintiff Baldwin's plant in Eddystone, Pennsylvania." The witness admitted that the matter referred to in the subpoena had been in his possession from January 1957 up until the time of service thereon upon him. However, he refused to answer on the ground that the matter was not germane to the issues involved.

A review of the pleadings and depositions taken in connection therewith shows that the matter is entirely relevant, and the witness is herewith directed to make answer thereto.

The second question posed concerns itself with certain writings of the witness, many of which were expressions of opinion contained in lectures which he had previously given before learned societies. The plaintiff sought to elicit from the witness whether or not the assertions made therein were true, and the witness refused to make answer. We think here, likewise, that the question is relevant and that it is a proper subject for cross-examination and that the witness should make answer, and it is, accordingly, herewith directed that he so do.

Additionally, the plaintiff seeks reasonable traveling expenses, as well as compensation for five counsel, for fifteen days in connection with a deposition to be taken by the defendants in Los Angeles, California, which was noticed for December 18, 1957. The deposition was in relation to a strain gauge, the subject matter of a patent infringement suit concerning which one of the plaintiffs and a Dr. Clark of the University of California had allegedly testified that the gauge had been used at California Tech since October of 1936, and that a California Court had so stated. It is alleged by the defendants that they used every means to determine the information necessary to their defense of prior public use and that they were unable to secure it without noticing depositions and issuing subpoenas duces tecum. The day before the hearing under the notice, the defendants advised the plaintiffs who had gone to California in anticipation of the hearing with five counsel that the subpoenas issued convinced them that they had no defense of prior public usage in California by the California Institute of Technology. The plaintiffs contend that they should be compensated for their journey to Los Angeles as well as compensation for the five attorneys representing them there, and on the other hand, the defendants contend that their admission of no prior use before the depositions were taken was a saving to them of time and additional expense and that the plaintiffs in reality lost nothing by their going to California.

There is a degree of merit here on both sides, and while it is true that neither bad faith nor unreasonable conduct is here shown, we think in the consideration of Rule 30(g) every sense of fairness prompts some award to the plaintiff by reason of the failure of the subject matter of the proceedings to eventuate in accordance with notification caused by reason of a mistake of judgment on the part of the defendants in which the plaintiffs were entirely blameless.

Accordingly, reasonable travel fees are herewith awarded to the plaintiffs in the sum of $2,683.38 with leave to the defendants within ten days to show any excessiveness with relation thereto.