LANDRY, Judge.
The sole issue presented by this appeal is whether a litigant giving notice of intention to take a deposition pursuant to the provisions of L.S.A.-R.S. 13:3741 et seq., particularly L.S.A.-R.S. 13:3767, may be held liable to the attorney of the litigant noticed for reasonable attorney’s fees and expenses for failure to take the deposition in conformity with the notice given.
The facts of this case are relatively simple and virtually undisputed.
It appears that plaintiff Sam Boutte filed suit against defendants, Halliburton Oil Well Cementing Co., Continental Oil Co., Loffland Brothers Co., Dupont Fabricators, Inc., John’s Trucking Service, Inc. and American Universal Insurance Co., to recover damages for personal injuries allegedly sustained in an accident said to have occurred July 2, 1958. During the pendency of the matter in the court below, defendants John’s Trucking Service, Inc. and the American Universal Insurance Co. gave notice to all adverse parties (pursuant to the aforesaid statutory provisions) of intention to take the discovery deposition of plaintiff Sam Boutte on November 20, 1959, in the office of an Attorney at Law in St. Martinville, Louisiana. In compliance with the notice received, the attorney for defendant Dupont Fabricators, Inc. (as well as all other attorneys of record), was present at the time, place and hour specified in the notice for the taking of plaintiff’s deposition; counsel for defendant Dupont Fabricators, Inc. traveling from New Orleans, Louisiana to St. Martinville, Louisiana for the purpose mentioned.
*657 Upon all interested attorneys meeting at the appointed time and place, a discussion ensued resulting in a mutual agreement to refrain from taking the testimony of plaintiff Boutte. Although there is some conflict in the testimony on the question of whether or not counsel for Dupont Fabricators, Inc. acquiesced in the agreement not to take the deposition of plaintiff Boutte, it is conceded that on the occasion mentioned said counsel offered no objection to the understanding which he acknowledges was reached by the other attorneys present. It is readily conceded by counsel for defendants John’s Trucking Service, Inc. and American Universal Insurance Co. that, during the discussion engaged in between the attorneys present, no mention whatsoever was made with respect to waiver of their rights to attorney’s fees because of the failure to take plaintiff’s deposition.
Subsequent to the meeting of the attorneys in St. Martinville, counsel for Dupont Fabricators, Inc. proceeded by rule against defendants John’s Trucking Service, Inc. and American Universal Insurance Co. pursuant to which said defendants in rule were ordered to show cause why they should not be compelled to pay plaintiff in rule the sum of $280.72 as attorney’s fees and expenses because of the failure to take the deposition mentioned, all as provided for under the provisions of L.S.A.-R.S. 13:3767.
After trial of the rule on its merits, the lower court granted judgment to plaintiff in rule in the amount prayed for and defendants therein have taken this suspensive appeal therefrom.
In urging our reversal of the action of the court below, plaintiff relies on four premises, namely: (1) the lower court erred in holding a deposition for which notice has been given cannot be cancelled by mutual consent of the interested parties; (2) error was committed in the court below in holding that plaintiff had not assented to the cancellation of the deposition; (3) the trial court erroneously failed to invoke the doctrine of estoppel against plaintiff in rule; and (4) evidence of the events leading to the agreement to cancel the taking of the scheduled deposition was erroneously excluded by the trial court.
The matter thus presented for determination appears res nova in the jurisprudence of this state as counsel for neither plaintiff nor defendant in rule have cited any precedent in point and our own research upon the subject matter has failed to disclose the existence of any controlling authority.
It appears, however, that in the Federal Courts the rule is established to the effect that a party giving notice of the taking of a deposition and failing to take same in accordance with the notice is liable for the attorney fees and expenses of the party who attends through his attorney pursuant to the notice given. Detsch & Company v. American Products Co., 9 Cir., 1944, 141 F.2d 662; Godchaux Sugars v. Pepsi-Cola Bottling Co., 1950, 203 Okl. 693, 696, 226 P.2d 413, 416; Baldwin-Lima-Hamilton Corp. v. Tatnall Measuring Systems Co., D.C.E.D.Pa. 1958, 22 F.R.D. 12.
It is common knowledge that the Louisiana discovery deposition statute is modeled after a similar Federal statute and although decisions of the Federal Courts interpreting a Federal statute on the same subject matter covered by our laws are not binding upon the courts of this state, such decisions are persuasive. The approach to the proposition adopted by the Federal Courts appears reasonable, and accordingly, we are inclined to follow the views expressed in the cited authorities.
The pertinent provisions of L.S.A.-R.S. 13:3767 reads in full as follows:
“If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by *658 him and his attorney in so attending, including reasonable attorney’s fees.”
The aforesaid statutory provision is so clear and concise as to hardly require judicial interpretation. It expressly provides that if the party giving notice of the taking of a deposition fails to attend and proceed with the taking thereof and another party noticed attends through attorney, the court may order the party giving the notice to pay to the attorney of such other ■party reasonable attorney’s fees and expenses incurred in attending. The three requirements prescribed by the statute as conditions precedent to imposition of the penalty provided, namely, a party giving notice, his failure to attend and proceed, and attendance by the other party or his attorney, are all met in the case at bar.
We believe the plea of estoppel interposed by counsel for defendant in rule is without merit considering defendant in rule caused the notice to be issued and subsequently failed to take the deposition and the record shows conclusively that, upon the occasion in question, there was no waiver by counsel for plaintiff in rule of his right to seek recovery of attorney’s fees and expenses under the statute in question. Failure of counsel for plaintiff in rule to object to the agreement to cancel the scheduled deposition does not operate as an es-toppel against said plaintiffs'. It strikes us as elementary that there is no legal basis upon which such objection may have been predicated. Any objection on the part of counsel who did not order the deposition taken would- have been vain -and useless since we are unaware- of any legal procedure whereby said counsel may have compelled the taking of plaintiff’s deposition by defendants in rule under the circumstances shown. Our reading of the statute in question fails to disclose therein the existence of any authority in pursuance of which the representative of plaintiff in rule could have required the deposition to be taken even though he may have objected to its proposed cancellation. It is clear that in such circumstances the ultimate decision to proceed or not proceed rests exclusively within the judgment and discretion of counsel for the litigant giving notice. If the party giving notice proceeds he obviates the hazard of becoming liable for attorney’s fees and expenses whereas if he elects not to proceed he assumes the risk of incurring the statutory penalties in the absence of clear and express waiver thereof by the noticed party or parties.
We concede the taking of a scheduled deposition may be cancelled by express agreement to that effect, but hold that agreement to cancel the taking of a deposition does not necessarily include or imply agreement to waive attorney’s fees which might otherwise be due under the statute for failure to take same. We likewise concede the provisions of the statute with respect to recovery of attorney’s fees under such circumstances may be waived but that any such waiver to be effective must be explicit and express.
To hold as counsel for defendant in rule urges would open the door to harassment of litigants by the giving of notice to take depositions and then failing to take same thereby imposing financial burden and stress upon the litigant and his attorney by way of expenses incurred and time expended in attendance for such purposes.
We are also convinced there is no merit in defendants’ contention the trial court erred in refusing to permit'introduction of additional evidence relative to the circumstances attending the discussion culminating in the agreement to refrain from taking the deposition. Such action of'the trial court is of no consequence under the circumstances shown herein considering defendants’ admission that during said discussion nothing whatsoever was said regarding waiver of attorney’s fees. It is obvious that since there was no discussion of the matter of *659 waiver of attorney’s fees it necessarily follows there could not have been an express waiver or relinquishment thereof which we deem essential to relieve defendants in rule from liability herein.
Defendants in rule have not sought a reduction of the fee of $250 awarded by the trial court. Under the circumstances of this case, we find nothing in the record to indicate the amount allotted was excessive.
For the reasons hereinabove assigned, we find the judgment of the trial court correct in every respect and affirm same.
Affirmed.