218 So.2d 467 (1969)
DELTA RENT-A-CAR, INC., a Florida Corporation, and Klaus Henck, Appellants,
v.
Louise RIHL and William Forelli, Appellees.
No. 1535.
District Court of Appeal of Florida. Fourth District.
January 10, 1969.
Rehearing Denied February 26, 1969.
*468 Donald J. Lunny, of Sutton, James, Bielejeski & Lunny and George B. Pomeroy, Fort Lauderdale, for appellants.
Brian T. Hayes, of Parkhurst & Hayes, and G.H. Martin, Fort Lauderdale, for appellee, Rihl.
Richard G. Gordon and Edward A. Perse, of Carey, Dwyer, Austin, Cole & Selwood, Miami, for appellee, Forelli.
OWEN, Judge.
This appeal brings for review an assessment of attorney's fees and expenses against appellants under Rule 1.310(g) (1) RCP, 30 F.S.A.[1] when appellants failed to depose a witness for which notice had been given. We find that under the circumstances of this case the court abused its discretion, and we reverse the cost judgment.
In the course of preparing for trial of an automobile negligence case, appellants gave notice of intention to take the oral deposition of two eyewitnesses, Lt. Robert A. Forman and his wife, Connie Forman. The deposition was scheduled to be taken on the island of Okinawa where Lt. Forman was stationed in the Armed Forces. At the time set in the notice the deposition of Lt. Forman was taken but upon its completion counsel for appellants dismissed Connie Forman, announcing that her deposition would not be taken. Upon counsel for appellee Forelli returning to Broward County, Florida, appropriate motion was made for taxation of costs under the cited rule. Thereafter, the court entered an order taxing as costs against the appellants all travel and hotel expenses incurred by Forelli's counsel in the amount of $1,430.54, and further taxing the sum of $1,200.00 as reasonable attorney's fees for Forelli's counsel.
We have found no reported Florida case involving sanctions imposed under this rule. However, federal rule 30(g) (1) is identical and any federal cases under such rule would be pertinent and highly persuasive.[2] Apparently the only decision of a federal appellate court involving the imposition of *469 sanctions under the federal rule is Detsch & Co. v. American Products Co., 9 Cir.1944, 141 F.2d 662. In that case a San Francisco lawyer was given notice of a deposition of two witnesses to be taken in Los Angeles, and the lawyer appeared at the scheduled time only to be informed that the deposition of one witness would be taken but the other scheduled deposition would not be taken. The lawyer subsequently moved for taxation of costs and attorney's fees supporting it with an affidavit which expressly stated that he attended for the purpose of taking both depositions and had he known only one deposition would be taken, he would not have made the trip but instead would have arranged for a Los Angeles attorney to attend on his behalf. The award of expenses and attorney's fees was upheld.
In the case at bar we find in the record an important factual distinction from the facts in the Detsch case. Here, the affidavits and motions upon which the court entered its order make it manifestly clear that counsel for appellee Forelli would have attended the deposition of Lt. Forman on Okinawa even if Mrs. Forman's deposition had not been included in the notice. Consequently, no portion of the time and expense expended by Forelli's counsel in traveling to and from Okinawa would have been avoided or decreased had the notice omitted reference to the taking of Mrs. Forman's deposition. Absent some showing that appellee's counsel was caused to expend some time or money he would not otherwise have expended, or that appellants were acting in bad faith in an intentional abuse of the discovery procedures for harrassment of another party, it was an abuse of the court's discretion to impose these sanctions upon the appellants.
This opinion should not be construed as disapproving the assessment of costs, expenses and attorney's fees in appropriate cases under such rule, but for the reasons stated it was not appropriate in the instant case.
The judgment appealed from in Case No. 1535 is reversed.
Reversed.
McCAIN, J., and PATTERSON, WILLIAM A., Associate Judge, concur.
NOTES
[1] 1.310(g) Failure to Attend or to Serve Subpoena: Expenses.
(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney's fees.
[2] Savage v. Rowell Distributing Corporation, Fla. 1957, 95 So.2d 415.