Dr. Gresham ORRISON and Susan P. Douglass, individually and on behalf of all others similarly situated, Plaintiffs,

v.

The BALCOR COMPANY, et al., Defendants.

No. 90 C 752.

United States District Court, N.D. Illinois, E.D.

Sept. 19, 1990.

Herbert Beigel, Ronald A. Schy and Marjorie E. Schaffner, Beigel & Sandler, Ltd., Chicago, Ill., for plaintiffs.

David L. Carden, Lee Ann Russo, and F. Samuel Eberts, III, Jones, Day, Reavis & Pogue, Chicago, Ill., for defendants Balcor Co. and Shearson/Lehman American Express Realty Corp.

Jack L. Block and Maureen A. Mosh, Sachnoff & Weaver, Ltd., Chicago, Ill., for defendant BDO Seidman.

ORDER

BUA, District Judge.

Dr. Gresham Orrison and Susan P. Douglass, the plaintiffs in this securities fraud action, filed a motion for class certification on May 17, 1990. The court then set a discovery schedule on the issue of class certification. The parties were directed to complete discovery by August 31, 1990.

Since neither plaintiff is an Illinois resident, the parties experienced difficulty in scheduling a mutually convenient time and place to conduct discovery depositions. Nonetheless, both plaintiffs eventually agreed to conduct the depositions in Chicago. Douglass' deposition was scheduled for August 1, 1990, and Orrison agreed to be deposed on August 31, 1990. Defendants were unable to complete either of these depositions, however, on the dates scheduled. After the discovery cut-off date had passed, defendants requested that Orrison and Douglass each submit to another deposition in Chicago. Plaintiffs have vehemently opposed this request, and now seek a protective order barring any further depositions.

While the motion for a protective order was still pending, Douglass voluntarily submitted to a deposition in Chicago. Consequently, plaintiffs' motion for a protective order is moot with respect to Douglass.

Although Douglass agreed to return to Chicago, plaintiffs have consistently refused to make Orrison available for another deposition. According to plaintiffs, it would be overly burdensome and expensive for Orrison to participate in a second deposition in Chicago. Plaintiffs also insinuate that defendants are conducting discovery with the intent to harass Orrison and Douglass.

■ Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the court may limit the extent to which a party may use a deposition if that party has already been provided with an ample opportunity to obtain the information sought or if the information is obtainable in a less burdensome or costly manner. This court, however, does not agree with plaintiffs that a second deposition of Orrison is unnecessary or inappropriate. Defendants have not been provided with an ample opportunity to depose Orrison. When Orrison first appeared for his deposition on August 31, 1990, he brought numerous documents which had not been produced previously. None of the defendants had a sufficient opportunity to review the documents prior to the deposition. Moreover, only two of the defendants—The Balcor Company and Shearson/Lehman American Express Realty Corporation—had an opportunity to question Orrison. Despite plaintiffs' protestations, all of the defendants should be afforded an opportunity to participate in the deposition. The information within Orrison's possession and control may not be obtainable from other sources. Orrison appears to be one of the driving forces behind this litigation and his deposition testimony could shed considerable light on the issue of class certification.

Aside from their conclusory declarations of hardship and undue burden, plaintiffs have not provided any compelling argument as to why class discovery should be limited. There is nothing to suggest that defendants are pursuing further discovery in an attempt to harass the plaintiffs or for some other improper reason. The nature of this case lends itself to extensive discovery. This securities action involves numerous parties and complex legal issues. Plaintiffs have filed a lengthy seven-count complaint against seventeen defendants. The proposed class encompasses nearly 300 investors who reside throughout the United States. Taking into account the apparent complexity of the case, the issues involved, and the needs of the litigants, this court concludes a second deposition of Orrison will facilitate the resolution of the motion for class certification. However, the court will not tolerate a "fishing expedition" designed to uncover any information which is remotely relevant to this litigation. Defendants shall limit their inquiry to the precise issue of class certification.

■ Plaintiffs also argue that defendants should be required to pay the costs of deposing Orrison. Having voluntarily selected the Northern District of Illinois as the forum in which to pursue their cause of action, plaintiffs are in no position to complain of the costs of discovery. In the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice—even if he is a nonresident. *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939–40 (S.D.N.Y.1984). There is no evidence that a Chicago deposition will impose extreme hardship on Orrison. Orrison admits that he has appeared in Chicago in the past, and is ready, willing, and able to do so again in the future. The court, therefore, will not require defendants to pay Orrison's travel expenses.

For the foregoing reasons, plaintiffs' motion for a protective order is denied. Orrison is hereby ordered to submit to a deposition in Chicago; but such deposition shall be limited to the issue of class certification.

IT IS SO ORDERED.