**Edward T. FREY**

v.

**STATE of Rhode Island DEPARTMENT OF HUMAN SERVICES.**

No. 91–418–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1992.

ORDER

This case came before the court for oral argument pursuant to an order which had directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided in light of *United States Investment and Development Corp., et al. v. R.I. Department of Human Services, et al.*, 606 A.2d 1314 (R.I.1992).

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice was correct in determining that the state should share the cost of suit, including counsel fee incurred by the plaintiff in recovering a sum of money from the third-party tort feasor in order to reimburse the state for cash assistance and medical payments made by the state for plaintiff's benefit. The principles enunciated in *United States Investment* are applicable to the case at bar.

Consequently, the state's appeal is denied and dismissed. The summary judg-ment entered by the Superior Court is hereby affirmed.

**Deborah GOLD**

v.

**Andrew GOLD.**

No. 91–497–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1992.

ORDER

This matter came before the Supreme Court pursuant to an order issued to both parties to appear and show cause why the issues raised in these appeals should not be summarily decided. Both parties had appealed from a decision pending entry of final judgment entered in a divorce action between them in the Family Court.

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, it is the conclusion of this court that cause has not been shown. The court is satisfied that the decision of the trial justice regarding the equitable distribution of the marital estate has come to a generally correct result in view of the discretion which the trial justices have when considering these matters.

For these reasons the appeals of the plaintiff and defendant are denied and dismissed, the decision appealed from is affirmed and the papers of the case are remanded to the Family Court for further proceedings.