Michael KIRIOS et al.

v.

Barbara ARSENAULT.

No. 92–387–M.P.

Supreme Court of Rhode Island.

Oct. 22, 1993.

Timothy O'Hara, Constant Poholek, Jr., Timothy O'Hara Assoc. Ltd., Providence, for plaintiff.

Kevin J. Holley, Jeanne LaFazia, Gunning, LaFazia & Gnys, Inc., Providence, for defendant.

OPINION

SHEA, Justice.

This matter came before the Supreme Court pursuant to the petition of the defendant, Barbara Arsenault (Arsenault), for certiorari to review an order of the Superior Court requiring her to pay a portion of the travel expenses incurred by the plaintiff, Michael Kirios (Kirios), when he traveled to Rhode Island from Greece to attend a deposition that the defendant canceled. We deny the defendant's petition.

The underlying dispute between the parties arises out of a motor-vehicle collision that occurred when Arsenault's vehicle struck the rear end of the vehicle driven by Kirios on October 17, 1988. In count 1 of the complaint Kirios alleged that he incurred both personal injury and property damage as a result of Arsenault's negligence. In count 2, his wife, Nicoletta Kirios, and child, John Doe Kirios, raised a loss-of-consortium claim

as a result of the injuries that Kirios suffered.

On February 25, 1992, defendant gave notice of the deposition of plaintiff Kirios. The deposition was to take place at the office of defendant's counsel on April 29, 1992, in Providence, Rhode Island. Although Kirios had since changed his residency from Rhode Island to Greece, his counsel informed him of the scheduled deposition, and Kirios made arrangements to be in the Rhode Island area at that time.

Upon arrival in Rhode Island on April 28, 1992, Kirios was informed that defendant's counsel was ill. The deposition did not go forward the next day as scheduled because defendant's counsel was unable to attend. Since Kirios had purchased an open-ended ticket from Greece, he was not locked into a specific return flight. In an effort to accommodate defendant, he agreed to remain in Rhode Island for several days to reschedule the deposition. The defendant's counsel was still unable to reschedule the deposition and did not arrange to have another attorney from the office cover the deposition, as is often done in these situations. Kirios then returned to Greece undeposed.

On May 21, 1992, Kirios filed a motion for reimbursement óf expenses for defendant's failure to take his deposition. In his motion Kirios sought reimbursement for the travel expenses that he incurred in traveling from Athens, Greece to Providence, Rhode Island. The cost of plaintiff's flight was $1,000. After hearing arguments on the motion on June 17, 1992, the trial court justice ordered defendant to pay half of the cost of the flight, $500, to plaintiff.

■ The defendant first argues that the Superior Court justice erred in awarding Kirios half the cost of his airfare because Kirios did not obtain a protective order under Rule 30(b)(1) of the Superior Court Rules of Civil Procedure prior to the taking of his deposition.

Rule 30(b)(1) provides that a party may obtain a protective order and costs associated with a deposition "[a]fter notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown * * *." Relying on Rule 30(b)(1) and several parallel cases under the Federal Rules of Civil Procedure, defendant contends that Kirios's motion for reimbursement was not a timely motion for a protective order, because it was filed three weeks after the scheduled deposition, and therefore should have been denied. The fact is that the motion filed was not a motion for a protective order at all but rather a "motion for reimbursement of expenses for defendant's failure to take deposition."

Expecting the deposition to take place and realizing his obligation to be available since he had filed the action in Providence Superior Court, Kirios would have had no reason to seek a protective order prior to the deposition under Rule 30(b)(1) and never attempted to gain the protection of that rule. Kirios acknowledges in his memorandum that had the deposition taken place, "he would not have had a claim for expenses as he was duty bound to appear for a deposition as he had filed a cause of action in Providence Superior Court."

A protective order under Rule 30(b)(1) would not have been appropriate in this case. However, the Superior Court Rules of Civil Procedure have provided a remedy in this situation in Rule 30(g)(1). A motion for reimbursement for reasonable travel expenses is allowed under Rule 30(g)(1), which states:

> "If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by the party and the party's attorney in so attending, including reasonable attorney's fees."

Although Kirios did not cite Rule 30(g)(1) as the basis of his motion for reimbursement, that rule clearly characterizes the type of relief that he was seeking.

We have repeatedly held that in situations where our procedural rule is identical to the federal counterpart and our own case law is sparse in that area, we will look for guidance

in the precedents of the federal courts. *Kelvey v. Coughlin*, 625 A.2d 775, 776 (R.I.1993) (citing *Cabral v. Arruda*, 556 A.2d 47, 49 (R.I.1989); *Smith v. Johns–Manville Corp.*, 489 A.2d 336, 339 (R.I.1985); *Nocera v. Lembo*, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973)). Rule 30(g)(1) of the Federal Rules of Civil Procedure is identical to our Rule 30(g)(1).

As in the present case, in *Baldwin–Lima–Hamilton Corp. v. Tatnall Measuring Systems Co.*, 22 F.R.D. 12 (E.D.Pa.1958), a witness who was a former employee of the plaintiff was summoned to California for a deposition that never took place. Later, the plaintiff sought travel expenses and compensation for the needless trip. The defendants in *Baldwin* argued that the plaintiffs had not lost any money by the canceling of the deposition but rather saved time and money by not having to attend. Although there was no finding of bad faith by either party, the *Baldwin* court concluded that reimbursement under Rule 30(g)(1) was warranted.

Like the plaintiff in *Baldwin*, Kirios came to Rhode Island to attend the deposition in good faith. It was only because of defendant's counsel's illness that the deposition was canceled. Although there is certainly no implication of bad faith on the part of defendant for canceling the deposition, it was not unreasonable for the trial justice to split the cost of the flight between them.

Even though defendant contends that she did not know that plaintiff would be traveling from outside the country and would incur substantial travel expenses to attend the scheduled deposition, plaintiff's answers to defendant's interrogatories filed on September 4, 1991, five months prior to the notice of deposition, indicated that his "residence address" was now in Greece.

The defendant's second argument is that Kirios is not entitled to traveling expenses to the forum state since it was his decision to file suit in Rhode Island. In support of this argument, defendant cites *Orrison v. Balcor Co.*, 132 F.R.D. 202 (N.D. Ill.1990). In that case, the plaintiffs were seeking expenses for travel to the forum state for a second deposition. The court denied their request because they had chosen the forum state.

The *Orrison* case does not apply to the present case. The Rhode Island forum was really the only choice that plaintiffs had for filing suit because the accident occurred in Rhode Island between two individuals who were Rhode Island residents at that time. Also the second deposition in *Orrison* was not imminent and then canceled at the last minute after the plaintiff had traveled at great expense. In addition, Rule 30(g)(1) would not have been applicable in *Orrison* as it is in the case before us.

■ The Superior Court justice's decision to order the defendant to pay $500 to Kirios was reasonable and within her sound discretion. We have repeatedly stated that a trial justice's handling of discovery matters will be accorded broad discretion and is reviewable only for an abuse of discretion. *Kelvey v. Coughlin*, 625 A.2d at 776 (citing *Bashforth v. Zampini*, 576 A.2d 1197, 1201 (R.I.1990); *Greenwald v. Selya & Iannuccillo, Inc.*, 491 A.2d 988, 989 (R.I.1985)). A ruling will not be overturned unless it was clearly wrong or based on misconstrued evidence. In light of all the circumstances, a finding of partial responsibility on both parties by the trial justice was reasonable, and the splitting of the travel expenses was an appropriate application of Rule 30(g)(1).

For these reasons the defendant's petition for certiorari is denied, the writ heretofore issued is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.

FAY, C.J., did not participate.