DECISION
Before the court is a motion by Vincent O'Rourke to intervene, pursuant to Super. R. Civ. P. 24 (a) and (b), and to amend his complaint pursuant to Super. R. Civ. P. 15 (c) of the Superior Court Rules of Civil Procedure.
FACTS/TRAVEL
On November 5, 1993, Vincent O'Rourke and Gilda Burgess were involved in a motor vehicle accident at the intersection of Union Avenue and Linwood Avenue in the City of Providence. At the time of the accident, Vincent O'Rourke was employed by the Providence Fire Department. Pursuant to G.L. 1956 § 45-19-1, Vincent O'Rourke received compensation from the City of Providence for lost wages and medical expenses. Furthermore, the City of Providence, upon payment of benefits to O'Rourke, was entitled to indemnification and gained subrogation rights in accordance with the terms of the collective bargaining agreement.
Pursuant to the subrogation agreement, the City of Providence filed a complaint against the defendant on November 4, 1996. Count I of the complaint seeks recoupment of benefits paid to O'Rourke, while Count II seeks relief for a property damage claim[1]. On January 27, 1997, Vincent O'Rourke filed papers in this court titled "Plaintiff's Proposed Amended Complaint" and "Proposed Complaint by Way of Intervention" alleging negligence and seeking damages for pain and suffering. The defendant has objected to plaintiff's motion to intervene and to amend the complaint.
INTERVENTION
The defendant argues that O'Rourke is barred by the statute of limitations from pursuing a claim against the defendant for any injuries suffered as a result of the accident that occurred on November 5, 1993. Furthermore, defendant contends that O'Rourke cannot circumvent the statute of limitations by filing a motion to intervene under Rule 24 since he does not satisfy that rule's requirements. Alternatively, the plaintiff argues that under Super. R. Civ. P. 24 (a)(2) and 24 (b)(2) he is entitled to intervene as the requirements of both rules are satisfied in the instant situation.
Rule 24 of the Superior Court Rules of Civil Procedure reads in pertinent part:
 "24. Intervention. — (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . ."
Super. R. Civ. P. 24 has been modeled after its federal counterpart, and where case law is sparse in that area, the court will look for guidance to the precedents of the federal courts.Kiros v. Arsenault, 632 A.2d 15 (R.I. 1993). (Citations ommitted.) In order to establish intervention as of right under Fed. R. Civ. P. 24 (a), it is necessary that a proposed intervenor show that the application was timely, that the intervenor possesses in interest in the subject of the action, that disposition of the action might, as a practical matter, impair the intervenor's interest, and that representation of the interest by existing parties might be inadequate. Sidberry v.Koch, 539 F. Supp. 413, 418 (D.R.I. 1982); Marteg Corp. v. ZoningBd. of Review of City of Warwick, 425 A.2d 1240 (R.I. 1981) (citing United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978)).
In the instant action, there is no statute available that confers a conditional right to intervene by the party. There is little doubt that the intervenor's application was timely in this instance since application is made only three months after the complaint was filed and discovery is not yet underway. However, the question of whether or not Mr. Napolitano's interests will be impeded must be addressed. Pursuant to G.L. 1956 § 45-19-1.1, the City of Providence, upon paying benefits to Mr. O'Rourke, is entitled to indemnification for such expenditures. Furthermore, the City of Providence has gained subrogation rights against the defendant pursuant to the collective bargaining agreement.
Subrogation has been defined as the substitution of one person in place of another with reference to a lawful claim or right and is a device adopted by equity to compel the ultimate discharge of an obligation by the party who, in good conscience, ought to pay it. U.S. Inv. Dev. v. Dept. of Human Serv.,606 A.2d 1314 (R.I. 1992). Subrogation is either legal or conventional. Hospital Service Corp. of Rhode Island v.Pennsylvania Insurance Co., 227 A.2d 105, 109 (R.I. 1967). Conventional subrogation arises by acts of the parties and is founded on some understanding or agreement, express or implied, that takes effect only by an agreement said to be synonymous with assignment. 73 Am.Jur.2d Subrogation § 9. It occurs when one having no interest or any relation to the matter pays the debt of another and by agreement is entitled to the rights and securities of the creditor so paid. U.S. Inv. Dev., 606 A.2d at 1317. Under these principles, the assignment pursuant to the collective bargaining agreement was a conventional subrogation of Stephen O'Rourke's right to recover medical expenses and lost wages that resulted from the accident. This being the case, Mr. O'Rourke has effectively assigned his interests away to the City with respect to medical expenses and lost wages. Therefore, Mr. O'Rourke's interest and the City's interest are identical.
The plaintiff is attempting to prove negligence on the part of the defendant. This being the key issue in the case, the request for medical expenses, lost wages, and property damage will necessarily flow from that determination. The interests of the intervenor will be properly represented by the City. Furthermore, the intervenor has not produced any evidence that the existing representation was insufficient to protect his interests, which are identical to those of the City. For these reasons, intervention pursuant to Rule 24 (a) is denied.
Permissive intervention under R.I. Rule Civ. P. 24 (b) may be considered where a party may not intervene as a matter of right. Spangler v. Pasedena City Bd. of Ed., 552 F.2d 1326 (9th Cir. 1977). First, there is no statute that authorizes the instant intervention in this case. Secondly, in determining the applicability of permissive intervention, the court first must determine if there is a common question of law or fact. As stated above, there is a question of law and fact in common. However, once it has been determined that there is a common question of law or fact, the court may then consider other factors in determining permissive intervention. These factors include the nature and extent of the intervenor's interest, his standing to raise relevant legal issues, Hatton v. County Bd. of Educ.,422 F.2d 457, 461 (6th Cir. 1970), the legal position he seeks to advance, and the legal position and its probable relation to the merits of the case. Fuller v. Folk, 351 F.2d 323, 329 (3d Cir. 1965). The Court may also consider the prejudice that may be suffered by the existing parties along with whether the intervenors' interests are adequately represented by other parties and whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. In ReAcushnet River v. New Bedford Harbor, 712 F. Supp. 1019, 1023 (D. Mass. 1989); Spangler v. Pasedena City Bd. of Ed, 552 F.2d 1326, 1329 (9th Cir. 1977).
Primarily at issue here is the negligence of the parties involved, and the proposed intervention would add little to the elucidation of the matter. As stated above, the interests of the intervenor and the plaintiff are identical, and the intervenor's interests are being adequately represented. Accordingly, the motion to intervene under Super. R. Civ. P. 24 (b) is denied.
It should be noted that Mr. O'Rourke was free to pursue all his causes against the defendant and then look to the City for reimbursement of expenses for the litigation. The Supreme Court of Rhode Island has held that subrogors are entitled to pursue their own causes of actions and look to the subrogee for sharing the cost of suits in recovering a sum of money from a third-party tortfeasor in order to reimburse [the state] for cash assistance and medical payments made on plaintiff's behalf. Frey v. Dept.Human Serv., 615 A.2d 1020 (R.I. 1992). Instead, Mr. O'Rourke chose not to pursue the subject cause of action and awaited the City to begin the instant action.
The motion to amend the complaint pursuant to Rule 15 (c) is inappropriate at this time since Mr. O'Rourke is not a party to the action. Therefore, the motion to amend is also denied.
Counsel will submit the appropriate judgment.
[1] The automobile driven by O'Rourke at the time of the accident is owned by the City of Providence.