372 So.2d 997 (1979)
Willie Lee THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-564.
District Court of Appeal of Florida, Fourth District.
July 11, 1979.
*998 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff and Jon May, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction of possession and delivery of heroin. First we note the appellant was improperly sentenced to prison on both counts which arose from a single transaction which transaction occurred before Section 775.021(4), Florida Statutes (1976) became law. Harris v. State, 358 So.2d 858 (Fla. 4th DCA 1978).
The primary question on appeal is whether it was error for the trial judge to permit a witness to remain in the courtroom during the trial even though the witness offered substantial testimony concerning the allegations against appellant and even though appellant had invoked the rule and specifically objected to the allowing of the witness to remain in the courtroom. The witness was a detective named Holerger who was a primary investigator in the case and monitored the controlled buy from the appellant.
Although there is no case on point directly with the facts of this case, the law in Florida generally permits the trial judge, within his sound discretion, to permit a witness to remain in the courtroom even though the rule of exclusion and sequestration of witnesses has been invoked. Spencer v. State, 133 So.2d 729 (Fla. 1961). While the judge does have discretion it is subject to being abused, as are all discretionary rulings, and if abused it must be decided whether sufficient harm results to require a new trial. It is our determination it was error for the trial judge to permit the witness to remain in the courtroom without first determining whether any prejudice might result to the accused by excluding the witness from the requirements of the exclusion of witnesses rule. It is our further determination that the accused was not sufficiently harmed by the error to require a reversal and a new trial.
We agree with appellant the better rule in cases such as this is for the trial judge to conduct a hearing when objection is made to a witness being excluded from the rule of exclusion and sequestration of witnesses. An analogous situation is that pointed out in Richardson v. State, 246 So.2d 771 (Fla. 1971) and the rationale there fits here.
In this case Detective Holerger gave Mr. Coleman, an informant and a witness at trial, money with which to buy heroin from appellant. Because of his involvement as a primary actor in the building of the case against appellant his deposition was taken by appellant before trial. During the deposition he testified Coleman was shown a *999 picture of appellant during a photo line-up after the drug buy. At trial Coleman testified he was not shown a picture of appellant and no photo line-up was conducted. After Coleman testified, Holerger testified at trial no photo line-up was conducted and he said, "I'm not saying we didn't, but I don't recall doing it, at this time." His other testimony at trial in response to the question, "... did you hold a photo line-up or did you try to confirm the identity of Mr. Thomas afterwards?" was "We did not feel it was necessary ..." At best Detective Holerger was equivocal on the subject but we cannot detect dishonesty.
It is difficult for us, or anyone, to say that Detective Holerger was led to change his testimony in regard to the line-up because he heard Coleman say there was no photo line-up. We cannot even say that if Holerger was not permitted to hear Coleman's trial testimony he would have stuck by his story as stated in his deposition rather than as stated at trial. But upon review of the evidence we know the jury was quite aware of the inconsistencies and could have taken them into account and even if the jury was misled by the detective's testimony there was sufficient other evidence to sustain the verdict and the error did not so prejudice the jury as to lead them to an improper verdict. The principal witness was Coleman and he was quite unequivocal in his identification of appellant as the drug seller. While it would have been much better had the detective not been allowed in the courtroom in this case we cannot say that problem even possibly led to an improper conviction.
Apparently, it is the custom in this trial judge's court to permit a police witness to remain in the courtroom during criminal trials.[1] While it may be helpful, even necessary in some complex cases, to have a police witness to remain in the courtroom during trial and thus be excluded from the witness rule we deem it proper to advise the trial court to make a finding no real prejudice would result from this procedure if the accused objects after invoking the rule. A hearing to determine if the police witness' presence is necessary and indispensable and non-prejudicial would be the way to accomplish a proper finding. As was said in Richardson, "`the [trial] court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances.'" See also Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970).
Although no prejudice is shown in this case we suggest the possibility is always extant so the trial court should not as a matter of course permit a witness to remain in the courtroom during the trial when he or she is not on the stand unless it is shown it is necessary for the witness to assist counsel in the trial. No prejudice will result to the accused and a hearing to determine these matters is conducted if the rule has been invoked. To have it otherwise would be to emasculate the rule of exclusion and sequestration of witnesses and subject the trial courts to attack alleging collusion among witnesses.
The judgment of conviction is affirmed and this cause is remanded to correct the sentence. The appellant need not be present at resentencing.
*1000 Judgment AFFIRMED, sentence REVERSED.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] Mr. Gary (Defense Counsel): Well, Your Honor, we would object to that. Detective Holerger is going to testify almost as a material witness in this case and I don't think he should be able to sit here and hear the testimony coming from all the other witnesses and then be allowed to testify just because he was associated with the investigation of the case.

The Court: It has been practiced in this circuit for many years to permit one of the department  sheriff's department to be with counsel at the prosecution table.
Mr. Gary: Even if he is a material witness in the case, Your Honor?
The Court: Yes, sir. You've seen it many, many, many times.
Mr. Gary: If there was  if he was testifying only to the chain of custody or something of that nature, Your Honor, if he just made the arrest 
The Court: Mr. Gary, the ruling has been made. Now, sit down. You know as well as I do what the practice has been in all these years.