407 So.2d 1098 (1982)
David DARDASHTI, Petitioner,
v.
Harold H. SINGER, Respondent.
No. 81-2338.
District Court of Appeal of Florida, Fourth District.
January 6, 1982.
*1099 Kenneth J. Scherer of Cohen & Scherer, P.A., North Palm Beach, for petitioner.
Lake Lytal, Jr., of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for respondent.
LETTS, Chief Judge.
Before us is a petition for common law certiorari, challenging the trial court's order which denied a motion to compel sequestration of the Plaintiff's wife during the taking of his deposition by the petitioner defendant. We grant certiorari and reverse.
To the unsophisticated, it all sounds deceptively simple. One would suppose that when a party seeks the deposition of the other side's non-party witnesses, and is fearful that they will tailor their answers in support of each other, he simply "invokes the rule"[1] whereupon all but the particular witness to be deposed are excused as a matter of course. However, such a supposition would be wrong because there is no precise rule written down in Florida and whether a witness need be excused has been by no means a matter of course and has remained within the province of a trial judge's discretion. Spencer v. State, 133 So.2d 729 (Fla. 1961) cert. denied 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962). Needless to say, the trial judge is seldom present at pre-trial depositions and uncertainty as to how he might later rule has sometimes been used as a strategem to discomfit the proponents of the sequestration. However, based on the record before us we find that, in this instance, the trial judge abused his discretion and that prejudice will result therefrom which cannot be remedied by plenary appeal. Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1981).
We begin with an examination of the Spencer case first above cited. Therein the Supreme Court clearly stated that "ordinarily, when requested by either side, the trial judge will exclude all prospective witnesses from the courtroom" (Id. at 731, emphasis supplied). True, the Spencer court went on to hold that there was no abuse of discretion for failure to sequester witnesses in that case, but in so doing made much of the fact that the particular witnesses were police officers whose interest in the outcome was "not apt to be personal" Id. at 731. Moreover, the court explained that the reason why witnesses, other than impartial ones, are ordinarily excluded is to "avoid the coloring of a witness's testimony by that which he has heard from other witnesses" Id. at 731. Such a shading of testimony is a definite present threat under the facts presented in this petition.
The complaint below sounds largely in breach of an oral contract which the petitioner defendant vehemently denies and affirmatively avoids. In the conduct of his defense, petitioner, inter alia, filed interrogatories upon the plaintiff husband seeking information pertinent to the alleged breach *1100 and requesting the names of all those who might bear witness against him. Replying to these interrogatories the plaintiff on no less than fourteen occasions names his wife as a witness who was present during the alleged negotiations, conversations or expenditures and who will presumably support his allegations. As such, her testimony may well be vital to the success of her husband's claims and her testimony patently "apt to be personal."
It is not enough to suppose that the average husband and wife will have long since dove-tailed their versions of the facts so that no prejudice can result. This is so because they can have little advance warning during a deposition of unexpected and oblique questions requiring instantaneous response. To permit the one to sit and absorb the answers of the other in a case such as this obviously facilitates the very "coloring of a witness's testimony" frowned on by our Supreme Court in Spencer to the point where we find it carries the burden placed by Spencer on the complaining party to demonstrate an abuse of discretion. Moreover the result would be clearly prejudicial and not capable of remedy by plenary appeal. This is especially so when, as here, the trial judge's order failed to make a finding as to why "no real prejudice would result from [failure to exclude]" as this very court suggested should be done in Thomas v. State, 372 So.2d 997, 999 (Fla. 4th DCA 1979). As we said in Thomas, supra:
To have it otherwise would emasculate the rule of exclusion and sequestration of witnesses and subject the trial courts to attack alleging collusion among witnesses.
It is surprising that the "rule" has never been crystallized in Florida as it has been, for instance, under Federal Rule of Evidence 615 which has made the exclusion mandatory upon request. In his treatise on Florida Evidence, Professor Erhardt reports that a similar provision to the Federal rule was considered for our new Evidence Code and found wanting as an incursion into the rule making procedure of the courts. See 5 Erhardt's Florida Practice, Florida Evidence § 616.1.
Be that as it may, we now clarify the "rule" for the convenience of judges and lawyers in our district, by directing all to heed the language of Spencer which we repeat as follows:
Ordinarily when requested by either side, the trial judge will exclude all prospective witnesses from the courtroom... . to avoid the coloring of a witness's testimony by that which he has heard from other witnesses who have preceded him on the stand. (Id. at 731)
Moreover since the Supreme Court "ordinarily" expects exclusion to take place upon request we see no distortion or expansion if we construe the flip-side of "ordinarily ... exclude" to mean that failure to exclude upon request will only be countenanced in extra ordinary circumstance. We so hold. Likewise although Spencer's particular facts involved exclusion at a criminal trial, there is no reason why its strictures should not pertain equally to pre-trial depositions in a civil matter and we so apply them.
Accordingly, we grant the petition and remand this cause with instructions that the proposed deposition proceed outwith the presence of the wife.
CERTIORARI GRANTED.
HERSEY and GLICKSTEIN, JJ., concur.
NOTES
[1] The "rule" we are discussing should not be confused with Florida Rule of Civil Procedure 1.280(c)(5) and no attempt was made by petitioner to seek its assistance either before us or in the trial court. The respondent is, therefore, in error in relying on it before this court.