BARKDULL, Judge.
This is an appeal by Edgar Cadavid of a final judgment which adjudicated him guilty of the following charges with accompanying sentences: Attempted first degree murder with a firearm (life imprisonment); burglary of a structure while armed (life imprisonment — consecutive to Count II); unlawful possession of a machine gun (five years consecutive to Count III); and unlawful possession of a firearm while engaged in criminal offense (five years concurrent with Count IV, but consecutive to Count III).[1]
All of the charges arose from a shooting incident. The deceased and the prosecution’s material witness, Jorge Piza, shared an apartment in Miami Springs. The defendant, together with his co-defendant, entered the apartment of the deceased carrying an automatic pistol and submachine gun. A struggle ensued, which ended with the deceased being killed and the material witness wounded.
The trial court set a $500,000.00 bond on the material witness because he was a witness to the murder. A subsequent hearing was held as to Piza’s status as a material witness. The State presented the testimony of the detective in charge of the case as to why the bond should be maintained against Piza. Defense counsel was not permitted to cross-examine the detective. The trial court reduced the bond to $10,000.00. The State, while the witness was still in jail, was granted by motion[2] the right to take deposition to perpetuate the testimony of Piza. The deposition was taken seven months prior to trial. By trial, defense counsel learned information about the material witness which could impeach his credibility at trial, i.e., Piza has been arrested numerous times. Just prior to trial, the court granted the State’s request to permit the investigating detective to be allowed to remain in the courtroom throughout the trial, notwithstanding the invocation of the witness rule. The State was also permitted to use the material witness’ (Piza’s) videotaped deposition in lieu of a personal appearance because the witness was not available.
*1158 The defendant urges that the trial court erred (1) in admitting the videotaped deposition of the material witness, because the State had not made a diligent effort to find this witness; (2) in not permitting cross-examination of the material witness by defense counsel at the hearing on the witness’ motion for release; (3) by violating Fla.R. Crim.P. 3.190(j) by permitting the taking of the video tape without the State supporting its motion with affidavits as required by the rule; (4) in allowing the investigating officer to remain in court after invoking the exclusion rule; (5) by permitting a police officer to testify about certain statements made by the victim; and (6) in that the sentences imposed at trial were improper because they resulted in multiple punishment for the same criminal offense.
No proper objection was made at the time the State sought to introduce the video deposition, which had been taken to preserve the testimony pursuant to the applicable rules of criminal procedure. Fish-man v. Liberty Associates, Inc., 196 So.2d 493 (Fla. 3d DCA 1967). There was no abuse of discretion in the trial court refusing to permit cross-examination of the material witness at the time of the motion for release. In fact, defense counsel had the opportunity for cross-examination at the time of the taking of the testimony of the material witness for purpose of preservation. Rule 3.190(j)(3) Fla.R.Crim.P. Any objection relative to the motion made pursuant to Fla.R.Crim.P. 3.190(j) was waived and if not waived at most it would constitute harmless error. Ennis v. State, 300 So.2d 325 (Fla. 1st DCA 1974); Matera v. State, 218 So.2d 180 (Fla. 3d DCA 1969); Section 924.33 Fla.Stat. (1979). In order to reverse a trial court for permitting a witness to remain in a courtroom, it is necessary for the appellant to demonstrate an abuse of discretion. This record fails to disclose such and, therefore, no error has been made to appear. Thomas v. State, 372 So.2d 997 (Fla. 4th DCA 1979); Spencer v. State, 133 So.2d 729 (Fla.1961). There was no error in permitting the investigating police officer to testify as to spontaneous statements at the time of the incident. Johnson v. State, 314 So.2d 248 (Fla. 1st DCA 1975); Appell v. State, 250 So.2d 318 (Fla. 4th DCA 1971); State v. Williams, 198 So.2d 21 (Fla.1967); Washington v. State, 86 Fla. 533, 98 So. 605 (1923). We do find that the sentence for possession of a handgun is inappropriate under Hegstrom v. State, 388 So.2d 1308 (Fla. 3d DCA 1980), but that the adjudication and the enhanced penalties, because of the possession of a firearm, were appropriate as to count II, Griffen v. State, 384 So.2d 324 (Fla. 2d DCA 1980); Williams v. State, 360 So.2d 61 (Fla. 2d DCA 1978), but, as to Count III, inappropriate. Fowler v. State, 375 So.2d 879 (Fla. 2d DCA 1979); Crook v. State, 385 So.2d 1136 (Fla. 1st DCA 1980).
Therefore, for the reasons above stated, all the convictions and adjudications are affirmed. The sentences are affirmed except, the sentences on the possession of a firearm and that on the burglary are reversed. The matter is returned to the trial court to vacate the sentence on the possession conviction and to vacate the sentence (as enhanced) on the burglary conviction and resentence.
Affirmed in part, reversed in part, with directions.

. Besides the above counts, the defendant was also charged with first degree murder (found not guilty), bribery (found not guilty), on which the court entered a judgment of acquittal.

. This motion was accompanied by the chief detective’s affidavit which informed the court that neither Piza nor another witness, both of whom were illegal aliens, were willing to testify and wished to return to Colombia.