**Nebiat Hiwot KERSCHBAUMER, et al., Plaintiffs,**

v.

**John Gordon BELL, et al., Defendants.**

**Civ. A. No. 86–2090.**

United States District Court, District of Columbia.

Nov. 6, 1986.

Patrick A. Malone and Glenn A. Mitchell, Washington, D.C., for plaintiffs.

Thomas J. Scanlon, Washington, D.C., for defendants.

ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is plaintiffs' motion for a protective order barring non-deposed parties from attending depositions of other parties. The Court has considered the motion, defendants' opposition thereto, the record in this case, and the underlying law, and in consequence denies plaintiffs' motion.

Fed.R.Civ.P. 26(c)(5) allows the Court to order that "discovery be conducted with no one present except persons designated by the court." This Rule, and the Court's discretion under it, should be invoked sparingly, else the openness on which our legal system properly prides itself would be impaired. 8 C.A. Wright and A. Miller, *Federal Practice and Procedure:* Civil § 2041 (1970). At the least, a movant must show good cause for sequestration under Rule 26(c)(5). *Skidmore v. Northwest Engineering Co.,* 90 F.R.D. 75 (S.D.Fla.1981).

The scope of Rule 26(c)(5) is unsettled in this Circuit. Most courts have granted protective orders to bar parties from attending depositions only in very limited circumstances. *See, e.g., Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir.1973) (to prevent harassment and after party willfully ignored restraining order); *United States v. Osidach,* 513 F.Supp. 51, 89 n. 22 (to prevent coercion of witness); *Metal Foil Products Manufacturing Co. v. Reynolds Metals Co., Inc.,* 55 F.R.D. 491, 493 (E.D.Va. 1970) (to prevent dissemination of trade secrets). By contrast, a minority has gone

so far as to grant these motions simply to ensure that deponents testify only to matters within their independent recollections and without any influence from statements made by other witnesses. *Beacon v. R.M. Jones Apartment Rentals*, 79 F.R.D. 141, 142 (N.D. Ohio 1978); *Milsen Co. v. Southland Co.*, 16 Fed.R.Serv.2d 110 (N.D.Ill. 1972).

Plaintiffs do not suggest that defendants have harassed them or would learn legitimately secret information if present at plaintiffs' depositions. Nor have plaintiffs produced evidence showing that defendants have falsified testimony or would be likely to do so. Instead, they would have the Court adopt the minority rule and bar a party from attending a deposition because of some inchoate fear that perjury would otherwise result. Plaintiffs have not persuaded the Court that such a bar would be in the interests of justice.

First, there is no evidence that Rule 26(c)(5) was intended to bar parties from attending depositions. As Wright and Miller note,

> Prior to 1970 the corresponding provision of [now-Rule 26(b)(5) stated 'that the examination shall be held with no one present except the parties to the action and their officers or counsel.' By clear negative implication this was read to mean that the parties, their officers, and counsel could not be excluded. This was a desirable result and there is no indication that the Advisory Committee intended to change it when it proposed the 1970 amendment [now Fed.R.Civ.P. 26(b)(5).

*Federal Practice and Procedure:* Civil at § 2041.

Plaintiffs baldly assert that "the search for truth will be best protected by giving none of the parties the advantage of knowing what the others have already testified." *Memorandum in Support of Plaintiffs' Motion* 3. While they have adduced no supporting facts, they seem to believe that credibility would be risked if opposing parties were present at each others' depositions. *Id.* The Court cannot agree.

The Court understands that credibility may be a central issue in this case. But it cannot discern why the cause of truth would be advanced by denying opposing parties the opportunity to react to the recollections of their opponents and, perhaps, thereby be able to offer a fresher and more complete account of their own. *See, Dunlap v. Reading Co.*, 30 F.R.D. 129, 131 (E.D.Pa.1962). Nor can the Court discover any principle to support granting plaintiffs' motion here but denying similar motions in the numberless other cases where credibility looms large. While the Court ordinarily disdains actions based on fear of a mythical "slippery slope," it sees no principled way to grant plaintiffs' motion and preserve the openness and procedural fairness so important to our system.

In short, plaintiffs have not satisfied the Court that fundamental fairness requires barring parties from the depositions of their opponents. Accordingly, it is this 6th day of November, 1986,

ORDERED that plaintiffs' motion for a protective order shall be and hereby is denied.