THOMPSON, FORD L. (Ret.), Associate Judge.
Smith, the plaintiff below, filed a petition for writ of certiorari requesting that this court quash the lower court’s order that a nonparty witness be allowed to attend the deposition of one of the defendants. We deny certiorari.
In August of 1987, Smith was admitted to Baptist Medical Center to undergo medical treatment. She later filed a medical negligence action against Dr. David T. Murray for failing to diagnose a circulation problem which resulted in an allegedly needless amputation of her leg. Dr. Kenneth Parks, a resident physician-in-training, also treated her. The claims against the hospital and the Board of Regents arise from the alleged negligence of Dr. Parks. However, Dr. Parks was not named a party defendant because Section 768.28, Florida Statutes (1987), provides that no action shall be brought against an officer or an employee of an agency of the state personally unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The plaintiff scheduled Dr. Murray for deposition on February 6, 1990, and Dr. Parks was present at the deposition. One hour into Dr. Murray’s deposition, Smith’s counsel asked if Dr. Parks was the person sitting next to counsel for the Board of Regents. The Board’s attorney responded in the affirmative and Smith’s counsel then invoked the rule of sequestration of witnesses and asked that Dr. Parks leave the room. The Board’s attorney declined to exclude Dr. Parks.
The plaintiff’s attorney then sought a ruling from the assigned trial court judge but he was not available. Counsel then made an oral motion to Judge Mattox Hair for a protective order excluding Dr. Parks from the deposition of Dr. Murray. After hearing arguments, Judge Hair denied the oral motion for the reasons that Dr. Murray’s deposition had been in progress for approximately one hour before plaintiff’s counsel attempted to invoke the exclusionary rule, and further that the defendant Board of Regents of the State of Florida is a defendant in the law suit solely because of the alleged negligence of Dr. Parks.
*1117 Smith relies primarily upon the case of Dardashti v. Singer, 407 So.2d 1098 (Fla. 4th DCA 1982), in support of her contention that the trial court abused its discretion in refusing to compel sequestration of a non-party witness during the taking of a party’s deposition, requiring the issuance of a writ of certiorari. While Dardashti involved the exclusion and sequestration of witnesses at deposition, the court utilized reasoning which is applicable to the rule of exclusion and sequestration of witnesses at trial. This “rule” is established by case law and has never been adopted by the supreme court as a written rule. Moreover, this unwritten rule is applicable at the trial of cases, not depositions. The presence of witnesses at a deposition is controlled by Florida Rule of Civil Procedure 1.280(c), a written rule adopted by the Supreme Court of Florida, which provides that upon a motion by a party and for good cause shown, the court in which an action is pending may enter a protective order that discovery may be conducted with no one present except persons designated by the court. The court in Dardashti makes it very clear that the latter rule was not involved in that case as no attempt had been made by the petitioner to seek its assistance either before in the trial court or the appellate court. In Dardashti the court did not cite any case to support its conclusion that the unwritten rule of exclusion or sequestration of witnesses at trial is applicable to depositions, and we have been unable to find any such case except Dar-dashti.
Because Florida has no written rule of sequestration; the Board of Regents urges this court to look to the federal rule and federal decisions for guidance. Federal Rule of Evidence 615 makes the exclusion of witnesses mandatory when requested.[1] However, it does except from the rule: (1) a party who is a natural person; (2) an officer or employee of a party who is not a natural person designated as its representative by its attorney; or (3) a person whose presence is shown by a party to be essential to the presentation of his cause. Even if the unwritten rule of sequestration of witnesses at trial were applicable to depositions, the Board argues, the federal rule would indicate that Dr. Parks, whose presence is essential to the Board of Regents’ presentation of its cause, would be excused from the rule.
However, there are several decisions in which federal courts have held that evidence rule 615 applies to court proceedings, and not to depositions, and that Federal Rule of Civil Procedure 26(c), which is nearly identical to Florida’s rule 1.280(c),[2] applies to the taking of depositions. BCI Communications Sys., Inc. v. Bell Alanticom Sys., Inc., 112 F.R.D. 154 (N.D.Ala.1986); Skidmore v. Northwest Eng’g Co., 90 F.R.D. 75 (S.D.Fla.1981). “Since Rule 26(c), Fed.R.Civ.P., specifically requires a court order before persons may be excluded from the conduct of the deposition discovery process, it is clear that Fed.R.Evid. 615 does not apply to the taking of depositions.” BCI Communications, 112 F.R.D. at 157. But see Lumpkin v. Bi-Lo, Inc., 117 F.R.D. 451 (M.D.Ga.1987) (rule 615 does apply to oral depositions, justifying exclusion of defendant’s employees from plaintiff’s deposition).[3]
We similarly conclude that the burden was on Smith to satisfy the provisions of rule 1.280(c) to justify excluding Dr. Parks from Dr. Murray’s deposition, rather *1118 than simply invoking the unwritten rule of sequestration which is applicable at trial.
Rule 1.280(c) provides, in part:
Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarassment, oppression, or undue burden or expense that justice requires, including ... (5) that discovery be conducted with no one present except persons designated by the court[.]
The trial court has broad discretion in determining whether a protective order is warranted under the circumstances. Waite v. Wellington Boats, Inc., 459 So.2d 425 (Fla. 1st DCA 1984); Gross v. Security Trust Co., 453 So.2d 944 (Fla. 4th DCA 1984). The trial court may limit discovery only when the movant has made an affirmative showing of good cause. Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla.1976); Travelers Indem. Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). In her brief, Smith did not allege that she would be harmed in any of the ways enumerated in rule 1.280(c). Instead, she simply argued that she should be permitted to invoke the rule of sequestration, and that the trial judge had made no finding that Smith would not be prejudiced if the rule was not applied.
Smith did obliquely state in her brief that “Dr. Parks, as a critical eyewitness, should never be allowed to be influenced or ‘colored’ by his having listened to the testimony of Dr. Murray.” This indirect statement does not satisfy Smith’s burden of affirmatively showing good cause for a protective order. See e.g., Kerschbaumer v. Bell, 112 F.R.D. 426 (D.D.C.1986) (court refused to bar a party from deposition based upon “some inchoate fear that perjury would result”); BCI Communication Sys., Inc. v. Bell Alanticom Sys., Inc., 112 F.R.D. 154 (N.D.Ala.1986) (defendant’s contention that excluding potential witness for plaintiff from depositions of other deponents was necessary to prevent witness from being exposed to deponent’s testimony, thus permitting subsequent collusion or fabrication, did not justify protective order); Skidmore v. Northwest Eng ’g Co., 90 F.R.D. 75 (S.D.Fla.1981) (defendant’s argument that attendance of plaintiff’s expert at deposition of defendant’s employee would be unfair because expert had not yet formed opinions was not sufficient to justify protective order). Smith failed to show that the trial court abused its discretion in denying her motion for protective order.
Certiorari DENIED.
ERVIN and NIMMONS, JJ., concur.
ORDER ON MOTION FOR CERTIFICATION OF DIRECT CONFLICT
PER CURIAM.
Petitioner moves to certify a direct conflict between the instant case and Dardashti v. Singer, 407 So.2d 1098 (Fla. 4th DCA 1982). Upon consideration of the motion and review of our previous decision in the instant case, we hereby grant the motion for certification and revise the opinion filed on June 21, 1990, as follows:
The full paragraph on page 3 shall read: 
ERVIN, NIMMONS and WOLF, JJ., concur.

. On the contrary, in Stano v. State, 473 So.2d 1282 (Fla.1985), the supreme court held that the trial court is vested with the discretion to permit a witness to attend proceedings even though the rule of sequestration of witnesses has been invoked, and that absent a showing of an abuse of discretion, the court’s ruling will not be disturbed on appeal.

. Because the federal rule is nearly identical to the Florida rule, federal case law in which the rule is interpreted is pertinent and highly persuasive. Delta Rent-A-Car, Inc. v. Rihl, 218 So.2d 467 (Fla. 4th DCA 1969).

. The court in Lumpkin may have been influenced by the fact that Federal Rule of Civil Procedure 30(c) states that the Federal Rules of Evidence apply to depositions. This is unlike Florida Rule of Civil Procedure 1.310(c), which, although otherwise essentially tracking the federal rule, does not provide that Florida’s eviden-tiary rules apply to depositions.