RYDER, Acting Chief Judge.
Weldon Goodman seeks review of the trial court’s amended final judgments entered on a jury verdict finding in favor of appellees in this products liability case. We reverse.
On June 30, 1986, Goodman brought this products liability action against West Coast Brace & Limb, Inc. (West Coast) for injuries received in the use of prosthetic devices. Richard R. Gingras, individually and d/b/a Orthotic Prosthetic Enterprises was joined as a defendant in a second amended complaint. On September 23, 1986, Goodman filed a bankruptcy petition.
On November 7, 1989, West Coast moved to substitute the bankruptcy trustee as the proper party plaintiff. This motion was granted by Judge Lenfestey. The order provided that any judgment in excess of the debtor’s obligations would permit the trustee to add Goodman to the judgment by motion without objection by appellees.
The case proceeded to trial. Immediately before the trial began, appellees objected to Goodman’s presence at the counsel table and requested that he be excluded pursuant to the sequestration rule because he was a witness and not a party. After argument on the issue, the trial court granted the request and excluded Goodman from the proceedings. Because the bankruptcy trustee did not attend the trial, Goodman’s counsel was the only one sitting at the plaintiff's table. After final judgment was entered on a jury verdict in favor of appellees, Goodman’s counsel moved for a new trial, which was denied.
During opening and closing arguments, appellees’ counsel both made statements characterizing the action as being filed by the bankruptcy trustee for the benefit of Goodman's creditors. Counsel also commented on the absence of the bankruptcy trustee from the proceedings. The trial court refused to allow Goodman’s counsel to clarify these statements and explain that the action was actually filed by Goodman and that he will receive any amount of the judgment in excess of what is owed to creditors.
When a party requests that witnesses be excluded from the trial proceedings under the sequestration rule, generally, the trial court will exclude all prospective witnesses from the courtroom “to avoid the coloring of a witness’s testimony by that which he has heard from other witnesses who have preceded him on the stand.” Dardashti v. Singer, 407 So.2d 1098, 1100 (Fla. 4th DCA 1982) (quoting Spencer v. State, 133 So.2d 729 (Fla.1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962)). The exclusion of a witness from the courtroom during a trial is a matter peculiarly within the discretion of the trial court. City of Miami Beach v. Washburn, 88 So.2d 555 (Fla.1956).
Florida courts have established some guidelines for trial courts to use in carrying out their discretion. For example, parties to a cause who are also witnesses should not be excluded from the courtroom or put under the rule. Seaboard Air Line Railway v. Scarborough 52 Fla. 425, 42 So. 706 (1906); Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983), review dismissed, 451 So.2d 848 (Fla.1984); Purvis v. Inter-County Telephone & Telegraph Co., 203 So.2d 508 (Fla. 2d DCA 1967), cert. denied, 210 So.2d *195 223 (Fla.1968). A party also includes a representative of a corporate party. See Polyglycoat; City of Miami Beach.
When it is shown that the presence of a witness will not harm the party requesting exclusion and it is shown that it will be beneficial to the opposing party to have the witness immediately available to give advice and information, it is within the trial court’s discretion to allow the witness to remain. See Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla.1952). Florida case law has generally set forth the same guidelines which are set out in the federal rule of sequestration found in Rule 615, Federal Rules of Evidence. In 1990, the Florida legislature codified the case law and essentially adopted the federal rule by enacting section 90.616, Florida Statutes (Supp.1990).
Section 90.616 provides that upon the request of a party the court shall exclude all witnesses unless the witness is a party or corporate representative of a party, or if the witness’ presence is shown “to be essential to the presentation of the party’s case.” Federal cases which have interpreted the third exception have held that in order to show that a person is essential it must be shown that the witness has “such specialized knowledge or intimate knowledge of the facts of the case that a party’s attorney could not effectively function without the presence and aid of the witness .... ” Oliver B. Cannon and Son, Inc. v. Fidelity and Casualty Company of New York, 519 F.Supp. 668, 678 (D.Del.1981). In Oliver B. Cannon, the court held that a witness who was the individual most familiar with all of the factual details underlying the case was permitted to remain in the courtroom under the third exception. See also Morvant v. Construction Aggregates Corp., 570 F.2d 626 (6th Cir.1978), cert. dismissed, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978).
The sequestration rule should not be applied as a strict rule of law, but instead the trial court should use its discretion in evaluating whether particular witnesses should be excluded. Wright v. State, 473 So.2d 1277 (Fla.1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 909 (1986); Gore Newspapers Co. v. Reasbeck, 363 So.2d 609 (Fla. 4th DCA 1978).
In the case sub judice, we hold that the trial judge did not, in fact, exercise discretion in determining whether to exclude Goodman from the proceedings, but instead applied the sequestration rule as a strict rule of law. Technically, Goodman is not the nominal party, but is a witness. The trial court excluded Goodman because he was a witness and not a “party” and because he was not a corporate representative.
It appears from the record that the trial judge felt bound by the rule’s first two exceptions and believed he did not have discretion in the matter. If he had used discretion, he would have allowed Goodman to remain in the courtroom because Goodman is the real party in interest. Goodman brought the suit. Any recovery would be to his benefit. Another indicia of Goodman as the real party in interest is Judge Len-festey’s order awarding Goodman a pecuniary interest in the judgment for any amount in excess of what is owed to the creditors. Because of this, Goodman truly owned the case.
During oral argument on appeal, appel-lees argued that if we were to allow Goodman to remain in the courtroom and be excepted from the exclusion rule, we would be creating an additional exception to the general rule. We are not creating a new exception, but merely interpreting the third exception regarding the trial court’s discretion in weighing the prejudices and advantages of allowing a witness to remain. Goodman is the only individual with intimate knowledge of the facts in the underlying personal injury action. His presence and aid to his attorney are essential for his attorney to function effectively. See Oliver B. Cannon. See also Florida Greyhound Lines (one who institutes an action is entitled to be present when it is tried). This rule cannot through its fiction operate to produce an injustice on a party. Wright, 473 So.2d at 1280. Appellees cannot claim prejudice in this case, because but for the *196 bankruptcy petition, Goodman would be sitting at the plaintiffs table.
Because Goodman was excluded, the second issue concerning appellees’ counsel’s comments during opening and closing arguments becomes even more important. The statements made by appel-lees’ counsel really worked to prejudice Goodman. The statements make it appear that the bankruptcy trustee brought this action for the benefit of Goodman’s creditors and that Goodman has little or no involvement in the action. We cannot say that this tacit attack did not prejudice Goodman; especially when the jury responded with a zero verdict. It was prejudicial error to have permitted this. It is obvious that the litigation was brought with regard to Goodman’s personal injuries. The case cannot be superficially transformed into a bankruptcy proceeding with repeated references to unknown, absent creditors and an uninterested trustee.
For the foregoing reasons, the case is reversed and remanded for a new trial and proceedings consistent with this opinion.
Reversed and remanded.
LEHAN and PARKER, JJ., concur.