780 So.2d 989 (2001)
Gerald POLICASTRO, a Florida resident, Petitioner,
v.
Cheryl STELK, Respondent.
No. 5D00-3497.
District Court of Appeal of Florida, Fifth District.
March 23, 2001.
*990 Jeffrey S. York of McGuirewoods LLP, Jacksonville, and Irving I. Lesnick of Harnett Lesnick & Ripps, P.A., Boca Raton, for Petitioner.
Joel Settembrini, Jr. of Smith Hulsey & Busey, Jacksonville, for Respondent.
ORFINGER, R.B.
Pettioner, Gerald Policastro (Policastro), seeks certiorari review of an order denying his motion for protective order. We grant certiorari and quash the discovery order under review.
Respondent, Cheryl Stelk (Stelk), filed a multi-count second amended complaint against Policastro relating to Policastro's alleged mismanagement of Agent Investors Holding Company (AIHC), a corporation in which both Policastro and Stelk own stock. Stelk attempts to assert a class action claim against Policastro, purportedly on behalf of the other minority shareholders of AIHC, seeking damages from Policastro for his alleged mismanagement of the corporation. Certiorari is appropriate to review interlocutory orders that depart from the essential requirements of law, causing material injury throughout the remainder of the proceeding below, effectively leaving no adequate remedy at law. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Tampa Pipeline Corp. v. CF Indus., Inc., 693 So.2d 580, 582 (Fla. 2d DCA 1997) (recognizing that although generally certiorari relief will not be granted unless petitioner can establish material injury, DCA may curtail discovery order where discovery affirmatively established to be irrelevant, or will not lead to discovery of relevant information).
Stelk began discovery by requesting numerous documents from Policastro and the various corporations he owns. The requested discovery went to the merits of Stelk's claims, not the appropriateness of class certification. Policastro filed a motion for protective order seeking to stop discovery on the merits of the claims until class certification had been determined. The trial court denied Policastro's motion to limit the scope of discovery and it is that order we now review.[1]
*991 It is clear that no class action may proceed until there is a named plaintiff with standing to represent the class. W.S. Badcock Corp. v. Webb, 699 So.2d 859, 860 (Fla. 5th DCA 1997); Jose Gutierrez v. E & J Gallo Winery, No. C-75-0001 SW, 1975 WL 982 at *1 (N.D.Cal. Nov.25, 1975) ("[T]he question of plaintiffs' standing to sue ... should be disposed of before reaching the question of whether [the] action should be certified as a class action. For a decision contrary to plaintiffs' claim of standing would bring this action to a crashing halt, necessitating no further action whatsoever."). A civil action does not become a "class action" simply because the complaint bears the legend "class action complaint" or, as required by Florida Rule Civil Procedure 1.220, "class representation." Markham R. Leventhal, Class Actions: Fundamentals of Certification Analysis, Fla.B.J., May 1998, at 11; 3 James Wm. Moore, et al., Moore's Federal Practice, ¶ 23.02 (2nd ed.1995). The courts have recognized that "[c]ertification of a large class may so increase the defendant's potential damages liability and litigation costs that he may find it economically prudent to settle and to abandon a meritorious defense." Coopers & Lybrand v. Livesay, 437 U.S. 463, 476, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). As a result, no class should be certified until the trial court has satisfied itself "after a rigorous analysis" that all of the requirements of class certification have been met. See Fla. R.Civ.P. 1.220; Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Florida Rule of Civil Procedure 1.220(d)(1) provides for discovery prior to class certification. The rule does not contemplate merits discovery prior to class certification; rather, the rule permits discovery "concerning whether the claim or defense is maintainable on behalf of a class." Until discovery on this limited issue is completed, the trial court may postpone the determination of class certification.
If Stelk was determined to have no standing to represent the class, or if class certification was otherwise inappropriate, she would have no right to pursue discovery on behalf of a putative class whose rights she does not represent. We therefore grant certiorari, quash the order under review with directions that the trial court stay merits discovery in this matter pending its determination of class certification.
CERTIORARI GRANTED, ORDER QUASHED.
SHARP, W. and SAWAYA, JJ., concur.
NOTES
[1] In an unpublished order dated December 7, 2000, this court stayed discovery pending resolution of Policastro's petition for writ of certiorari.