874 So.2d 658 (2004)
Zachary RICHARDSON, Donald Radcliff, David Sass, Robert Steiler Ronald Shindler, Marc Steinberg and Alan Sklar, Petitioners,
v.
Stephen GYVES, Richard Francis, James Spero, Bonnie Dalton, Fruins Pharmacy, John Hicks, Pat Patterson, Roger Porter, James Taylor and Robert Oman, on behalf of themselves and all others similarly situated, Respondents.
No. 4D03-4913.
District Court of Appeal of Florida, Fourth District.
May 5, 2004.
Rehearing Denied June 23, 2004.
Matthew Triggs and Mary F. April of Proskauer Rose, LLP, Boca Raton, for petitioner Zachary Richardson.
Jonathan B. Butler of Steel, Hector & Davis, LLP, West Palm Beach, and Lewis F. Murphy of Steel, Hector & Davis, LLP, Miami for petitioners Donald Radcliff, David Sass, Robert Steiler, Ronald Shindler, Marc Steinberg, and Alan Sklar.
Robert D. Critton, Jr., and Rita Budnyk of Burman, Critton, Luttier & Coleman, West Palm Beach, for respondents.
PER CURIAM.
The issue presented by this petition for certiorari is whether, before a class action is certified, discovery on the merits of the claim, which is not relevant to the issue of class certification, should be permitted. *659 While the petitioner's suggested sequence of discovery makes good sense, we do not reach the merits of the issue because the petitioner has failed to demonstrate irreparable harm. In re Estate of Sauey v. Sauey, 869 So.2d 664 (Fla. 4th DCA 2004); see also Martin-Johnson, Inc., v. Savage, 509 So.2d 1097, 1098 (Fla.1987) ("[C]ommon law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders."). But see Policastro v. Stelk, 780 So.2d 989 (Fla. 5th DCA 2001).
The petition is therefore dismissed.
WARNER and MAY, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
If it were not for the fact that this court has consistently required irreparable injury before granting certiorari review, I would grant the petition and hold, as two of our sister courts have done, that until a class is certified in a class action case, discovery should be limited to the issue of class certification.
The primary reason I am writing is to remind the trial courts in this district that, in the absence of any authority from this court, and there is none here, they are bound to follow the decisions of our sister courts. Pardo v. State, 596 So.2d 665 (Fla. 1992). One of those decisions is Policastro v. Stelk, 780 So.2d 989 (Fla. 5th DCA 2001), in which the court granted certiorari and, relying on federal cases and treatises, quashed an order allowing discovery on the merits before class certification.
Florida Rule of Civil Procedure 1.220, our class action rule, is based on Federal Rule of Civil Procedure 23. Fla. R. Civ. P. 1.220 (Committee Notes to 1980 Amendment). When Florida rules of procedure are patterned after federal rules, Florida has a longstanding tradition of relying on federal case law. Savage v. Rowell Distrib. Corp., 95 So.2d 415 (Fla.1957); Delta Rent-A-Car; Inc. v. Rihl, 218 So.2d 467 (Fla. 4th DCA 1969); Smith v. S. Baptist Hosp. of Fla., Inc., 564 So.2d 1115 (Fla. 1st DCA 1990). Policastro relied on federal case law which limits discovery under these circumstances.
Prior to Policastro, the third district granted certiorari and quashed orders allowing discovery in class actions until the court determined that the individual plaintiff had standing to serve as representative of the class. Baptist Hosp. v. DeMario, 683 So.2d 641 (Fla. 3d DCA 1996); Taran v. Blue Cross Blue Shield of Fla., Inc., 685 So.2d 1004 (Fla. 3DCA 1997).
Plaintiffs/respondents have cited no Florida or federal authority which would support allowing discovery on the merits. The closest case they could apparently find is Blair v. Source One Mortgage Services Corp., 1997 WL 79289 (E.D.La.1997); however, that case stands for the proposition that discovery on the merits may be proper prior to class certification, if the discovery relates to both the merits and certification of the class. The Blair court recognized, however, that merits discovery should normally wait until class certification.
In this case the trial court should have followed Policastro, DeMario and Taran, but, because there is no irreparable injury, I agree that the petition must be dismissed.