985 So.2d 62 (2008)
TT OF LONGWOOD, INC., d/b/a Cory Fairbanks, Etc, Petitioner,
v.
Johnnie L. BRIGGS, Etc., Respondent.
No. 5D07-3891.
District Court of Appeal of Florida, Fifth District.
June 20, 2008.
Donald W. St. Denis, Brian W. Davey, and Michael J. Lufkin, of St. Denis & Davey, P.A., Jacksonville, for Petitioner.
Charles M. Hartz, of George, Hartz Lundeen, Fulmer, Johnstone, King & Stevens, Coral Gables, and Marsha L. Lyons and Douglas S. Lyons of Lyons & Farrar, P.A., Tallahassee, for Respondent.
PER CURIAM.
We grant the Petition, issue the writ of certiorari, and quash the circuit court's order, concluding that the trial court departed from the essential requirements of law causing material injury throughout the remainder of the proceedings, effectively leaving no adequate remedy of law. It is apparent from the record that the order under review erroneously grants merits discovery prior to class certification. As this court explained in Policastro v. Stelk, 780 So.2d 989, 991 (Fla. 5th DCA 2001):
Florida Rule of Civil Procedure 1.220(d)(1) provides for discovery prior to class certification. The rule does not contemplate merits discovery prior to class certification; rather, the rule permits discovery "concerning whether the claim or defense is maintainable on behalf of a class." Until discovery on this limited issue is completed, the trial court may postpone the determination of class certification.
CERTIORARI GRANTED; ORDER QUASHED.
SAWAYA, and LAWSON, JJ., concur.
EVANDER, J., concurs specially, with opinion.
EVANDER, J., concurring specially.
I agree that we should grant the petition for writ of certiorari. Respondent has *63 simply failed to demonstrate how the requested information is necessary for resolution of his motion for class certification. See, e.g., Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir.1997) ("while we cannot say that orders authorizing communication with potential class members may never precede class certification . . . courts must strive to avoid authorizing injurious class communications that might later prove unnecessary.").