997 So.2d 1208 (2008)
UNITED AUTO INSURANCE COMPANY, Petitioner,
v.
GABLES MRA, etc., Respondent.
No. 3D08-1561.
District Court of Appeal of Florida, Third District.
December 24, 2008.
Colodny, Fass, Talenfeld, Karlinsky & Abate, Maria Abate, Amy L. Koltnow and Krista S. Kovalcin, Fort Lauderdale, for petitioner.
Hicks & Kneale and Cindy L. Ebenfeld, Holly Wood; George, Hartz, Lundeen and Charles M. Hartz, Coral Gables; Bernard H. Butts, Jr., Hialeah, for respondent.
Before WELLS, SUAREZ, and SALTER, JJ.
PER CURIAM.
United Auto Insurance Company petitions for a writ of certiorari to review and quash a non-final order overruling its objections to the respondent's, Gables MRA, request for production of documents and interrogatories, and to stay all discovery pending determination of the respondent's standing. We grant the petition and quash the order on review.
Gables MRA filed a complaint against United Auto claiming breach of Florida's personal injury protection [PIP] statute and requesting class certification. An issue has arisen as to whether or not Gables MRA has standing to bring the action. This issue has yet to be resolved. Gables MRA propounded certain discovery requesting production of documents including guidelines and procedure and practice *1209 manuals provided to United Auto PIP claims adjusters. United Auto's objections to this discovery were overruled by the trial court and United Auto filed the present petition for certiorari.
We grant the petition for writ of certiorari. The discovery order on review impermissibly allows discovery that goes to the merits of the cause of action before the necessary prerequisites of standing and class certification have been established. As a general rule, precertification discovery should be limited to matters relevant to class certification, not the merits of the case. Policastro v. Stelk, 780 So.2d 989, 991 (Fla. 5th DCA 2001); see also Baptist Hosp. of Miami v. Demario, 683 So.2d 641, 643 (Fla. 3d DCA 1996) (granting a petition for certiorari and remanding with directions that the trial court stay merits discovery "pending its determination of [respondent's] standing to serve as the class representative"); Taran v. Blue Cross Blue Shield of Fla., Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997) (affirming denial of full merits discovery pending determination of plaintiffs' standing). At this point in the litigation, discovery should be limited to that necessary to first establish the respondent's standing and certification of the proposed class. The discovery objected to goes to the merits of the claim. The trial court's order requiring this discovery constitutes a substantial departure from the essential requirements of the law and could cause material injury that could not be remedied at the end of the litigation.
Petition for certiorari granted; order below quashed.