DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONOVAN JONATHAN TILLMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2516

[August 23, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case No. 11001165CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction and sentence for four counts of sexual battery and two counts of lewd or lascivious molestation of a minor by a person under the age of eighteen. He raises four main issues as to his conviction, and we affirm as to all, addressing three, as well as his sentence. First, he claims that the court abused its discretion in refusing to allow his mother to sit through the pretrial suppression hearing and trial after the state invoked the rule of sequestration, because the state had listed the mother in discovery as a "Class C" witness who was not expected to be called.[1] We conclude that the court did not abuse its discretion, given the State's representation that the mother could be called as a rebuttal witness and the fact that this was a familial crime. Second,

---

[1] Rule 3.220, Fla. R. Crim. P. defines the various categories of witnesses who may be called. Category C witnesses are all witnesses who perform ministerial functions or whom the prosecutor does not intend to call at trial, or whose knowledge is fully set out in a police report.

appellant contends that the court erred in denying a motion to suppress his statements to a detective, which were given without the warnings required of *Miranda v. Arizona,* 384 U.S. 436 (1966). The court did not err, however, in finding that appellant was not in custody and thus *Miranda* warnings were not compelled. Finally, we reject his claim that he was convicted of a nonexistent crime, as contact between the tongue and a sexual organ constitutes sexual battery. We also affirm appellant's sentence based upon *Davis v. State,* 199 So. 3d 546 (Fla. 4th DCA 2016).

Appellant, who was sixteen or seventeen at the time of the incidents, was charged with sexual battery and lewd or lascivious molestation for abuse of his cousin, who was five or six years old at the time of the incidents, which occurred at the victim's home as well as the home of another relative. The sexual battery incidents involved appellant placing his mouth over the victim's penis and having the victim do the same to appellant. The lewd and lascivious counts were incidents where appellant touched the victim's penis both above and beneath his clothes. In two statements to investigators appellant admitted the incidents, although he sought to suppress the more incriminating statement. The victim also made a statement, through a therapist, confirming the abuse. Appellant was convicted after trial of all counts and ultimately sentenced to 31.125 years in prison, the lowest permissible sentence for the charges. He appeals his convictions on various grounds.

In his first issue, appellant claims that the court erred in excluding his mother from the courtroom. At the suppression hearing, and again at trial, appellant sought to have his mother remain in the courtroom. The prosecutor objected on the ground that the State might call the mother as a witness and invoked the rule of sequestration.[2] Noting that in the discovery request the mother was listed as a Class C witness, the defense objected to the mother's exclusion. Pursuant to rule 3.220(b), Florida Rules of Criminal Procedure, "Class C" witnesses are witnesses who perform ministerial functions or whom the prosecutor does not intend to call at trial, or whose knowledge is fully set out in a police report. Because the mother was neither a witness who performed ministerial functions nor whose knowledge was set out in a police report, the defense argued that the mother was a "witness" that the State did not intend to call at trial; therefore, sequestration should not apply to the mother. Nevertheless, the trial court excluded the mother from the hearing as well as from the trial.

---

[2] In his brief he also claims his stepfather was also improperly excluded, but at trial he conceded that his stepfather might be a witness and could be sequestered.

"The rule in Florida and elsewhere is that the trial judge is endowed with a sound judicial discretion to decide whether particular prospective witnesses should be excluded from the so-called sequestration of witnesses rule." *Spencer v. State,* 133 So. 2d 729, 731 (Fla. 1961). When a party requests that witnesses be excluded from trial under the sequestration rule, then generally, the trial court will exclude all prospective witnesses from the courtroom, in order to avoid the witnesses' testimony being colored by what he or she hears from other testifying witnesses. *Id.; Goodman v. W. Coast Brace & Limb, Inc.,* 580 So. 2d 193, 194 (Fla. 2d DCA 1991). Where the trial court exercises its discretion in excluding a witness or allowing a witness to remain in the courtroom, it is the complaining party's burden to show an abuse of discretion which caused injury. *Spencer,* 133 So. 3d at 731.

We cannot say that under the rule the trial court abused its discretion in excluding appellant's mother. The prosecutor maintained that he might call the mother on rebuttal, depending upon whether the appellant testified and what he said. While the mother had no direct knowledge of the incidents, she was the sister of the victim's mother. The victim's mother had called appellant's mother when she discovered that her son was abused by appellant. Shortly after that call, appellant texted his aunt, expressing regret for the incidents. Thus, at the very least, the mother must have confronted her son about her sister's accusations. And what he said to her could have been very relevant to the prosecution. Because of the familial relationships involved, the trial court was within its discretion in determining that appellant's mother should be excluded from the courtroom so that her testimony, if necessary, would not be affected by what she might hear from other testifying witnesses, including her sister and the appellant, if he testified.

In a second claim of error, appellant argues that the court erred in denying his motion to suppress his confession to a detective. Appellant made two statements to police. The first was to a Pembroke Pines detective and the second to a Coral Springs detective. Appellant filed a motion to suppress statements he made to the Coral Springs detective on grounds that, although he wasn't under arrest, this was a custodial interrogation and he was not read his *Miranda* rights.[3] The trial court held a hearing

---

[3] Appellant waived his *Miranda* rights in the first statement and confessed to some of the same incidents as were contained in the second statement. However,

3

and concluded that the defendant was not in custody and thus, the statement was voluntary. The appellate court defers to the trial court's findings regarding the facts and uses the de novo standard of review for legal conclusions. *Nshaka v. State*, 82 So. 3d 174, 178-79 (Fla. 4th DCA 2012).

*Miranda* warnings apply only to in-custody interrogations. *Ross v. State*, 45 So. 3d 403, 414 (Fla. 2010). In *Ramirez v. State*, 739 So. 2d 568 (Fla. 1999), the Florida Supreme Court explained that determining whether a suspect is in custody for purposes of giving *Miranda* warnings is a mixed question of law and fact. It set forth a four factor test to determine whether a person is in custody:

> (1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.

739 So. 2d at 574. The court found that the defendant in *Ramirez* was in custody at the time his statement was taken. The officers, who already had probable cause to arrest the defendant, took him to the station and interrogated him in a small room, confronting the defendant with evidence of his guilt. Significantly, the court noted that the officers never told the defendant that he was free to leave.

Applying the *Ramirez* factors to the facts of this case, we agree with the trial court that the appellant was not in custody such that *Miranda* warnings were required. Appellant was brought to the stationhouse by his mother in the middle of the afternoon at the request of the detective, who had left a message on the mother's phone. His mother remained in the lobby during the questioning. In contrast, in *Ramirez*, a uniformed and armed deputy came to Ramirez's home demanding production of evidence of the murder and burglary and then asked Ramirez to come with him to the station. Clearly, the manner that Ramirez was summoned for questioning was far more coercive than the manner in which appellant arrived for questioning.

As to the second and third factors, the interrogation of appellant must

---

the second statement was more detailed than the first and contained appellant's admission of abuse of two other children.

be placed in the context that this was appellant's *second* interrogation regarding the same abuse allegations. He had already admitted the allegations of abuse to the Pembroke Pines detective, after having waived his *Miranda* rights. Thus, the appellant knew of the purpose of the interrogation, and the Coral Springs detective told appellant that she had read the report of the other detective. Then the detective began by simply asking the appellant to tell her what he remembered. At no time did she read back to him his own prior statements. She did not confront him with victim statements for the crimes for which he was charged, although she did imply that another victim had told her of sexual contact with appellant. Mainly, she simply kept prodding him to remember the various incidents with the victim. While he was questioned in the interrogation room, and the court considered whether the door was locked, there was no testimony from the detective that the door was locked. And the appellant seemed relatively relaxed at the beginning. He agreed with the detective that he was there of his own accord. Finally, as to the fourth factor, and contrary to what occurred in *Ramirez,* the detective told the appellant he was free to leave at any time. She even explained to him exactly how he could exit the building, and he said he understood that he could leave, and he did leave at the end of the interview.

In sum, the four *Ramirez* factors do not point to a conclusion that appellant was in custody such that *Miranda* warnings had to be administered. The court properly denied the motion to suppress.

We affirm the remaining issues arising out of the trial. As to his claim that the court erred in allowing experts to express opinions based upon studies rather than training and experience, the issue was not properly preserved by a specific objection which raised the ground now argued in this appeal. Appellant also claims that the court erred in allowing collateral crime evidence of his abuse of another family member to which he confessed in his statement to the detective. Under section 90.404(2)(b), Florida Statutes (2013), and *McLean v. State,* 934 So. 2d 1248 (Fla. 2006), we conclude that the evidence was admissible. Even if either of the foregoing issues were error, we would conclude that they were harmless beyond a reasonable doubt, given his two confessions. *State v. DiGuilio,* 491 So. 2d 1129 (Fla. 1986).

Appellant also challenges his sentence of thirty-one years, followed by fifteen years' probation, as a violation of the Cruel and Unusual Punishment Clauses, because it is a lengthy term-of-years sentence for a non-homicide crime which he committed as a juvenile. His crimes were committed prior to the enactment of Chapter 2014–220, which revamped

juvenile sentencing but expressly made the law prospective. We have already decided this issue against his position in *Davis v. State*, 199 So. 3d 546 (Fla. 4th DCA 2016); *see also Rollins v. State,* 216 So. 3d 644 (Fla. 4th DCA 2017). We certify the same question as we certified in *Davis:*

> DO THE SENTENCE REVIEW PROVISIONS ENACTED IN CHAPTER 2014–220, LAWS OF FLORIDA, APPLY TO ALL JUVENILE OFFENDERS WHOSE SENTENCES EXCEED THE STATUTORY THRESHOLDS, EVEN THOSE CONVICTED OF NON–HOMICIDE OFFENSES COMMITTED PRIOR TO JULY 1, 2014?

For the foregoing reasons, we affirm both the convictions and sentences.

CIKLIN and KLINGENSMITH, JJ., concur.

*        *        *

**_Not final until disposition of timely filed motion for rehearing._**