# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1730
Lower Tribunal No. 23-15340
_____

**Telesco Construction Management, Inc., et al.,**
Petitioners,

vs.

**National Concrete Preservation, Inc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, David C. Miller, Judge.

The Law Offices of Gold & Parado, and Alan C. Gold and James L. Parado, for petitioners.

Touron Law, and Francisco Touron, III, and Lucas J. Sanchez, for respondent.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Telesco Construction Management, Inc., and Park Realty Enterprises, LLC, petition for certiorari relief from an order of the trial court compelling discovery prior to the trial court's determination of Telesco and Park Realty's motion to dismiss or to compel arbitration. Certiorari relief lies when there has been a violation of a clearly established principle of law resulting in irreparable harm and a miscarriage of justice that cannot be remedied on appeal. See, e.g., Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003).

The trial court's order violates clearly established law. See Shader v. ABS Healthcare Servs., LLC, 337 So. 3d 1259, 1263 (Fla. 3d DCA 2022) (granting certiorari to quash order declassifying confidential information protected before referral to arbitration; because trial court was required to stay proceedings subject to arbitration and arbitrator's authority extends to issuance of protective orders, trial court lacked authority to become involved in discovery once arbitration had been ordered); Greenstein v. Baxas Howell Mobley, Inc., 583 So. 2d 402, 403 (Fla. 3d DCA 1991) (granting certiorari to quash denial of protective order that effectively allowed discovery after case had been compelled to arbitration); § 682.08, Fla. Stat. (providing for arbitrator's authority to make discovery orders in arbitrable cases). Thus, because the court already had sufficient documentation to determine that the

parties agreed to resolve the dispute solely by mediation and binding arbitration, it should not have ordered any additional discovery beyond what was necessary to make its threshold determination of the existence of an arbitration contract between the parties.

But to obtain certiorari relief, it is not enough that the trial court, even after being presented with clear legal authority, issued an impermissible discovery order. There must also be a showing of irreparable harm, irremediable on appeal. Normally, absent a showing of "cat out of the bag" discovery or some undue burden, we generally refrain from interfering with discovery matters through certiorari. See, e.g., Sahmoud v. Marwan, 338 So. 3d 29, 31 (Fla. 3d DCA 2022) (denying certiorari review of granted request for production of irrelevant discovery). Here, there appears to be the possibility of production of confidential financial information regarding amounts paid to non-parties. Additionally, ordering merits discovery prior to a determination on arbitrability is akin to ordering merits discovery prior to a determination of sovereign immunity, or standing. See Miami-Dade County v. Eastern Partners, LLC, 298 So. 3d 1185, 1187 (Fla. 3d DCA 2020) (granting certiorari relief and explaining that "a trial court departs from the essential requirements of law, warranting certiorari relief, when the trial court compels merits discovery without first determining that a putative class

3

representative has adequate standing"); <u>United Auto Ins. Co. v. Gables MRA</u>, 997 So. 2d 1208, 1209 (Fla. 3d DCA 2008) ("As a general rule, precertification discovery should be limited to matters relevant to class certification, not the merits of the case."). As the order under review compels production of merits discovery prior to a determination of arbitrability though resolution of the motion to dismiss or compel arbitration, it similarly "departs from the essential requirements of law, warranting certiorari relief." <u>Eastern Partners</u>, 298 So. 3d at 1187.

Petition granted; order quashed.